348 So.2d 410 (1977)
Richard Ray LOWER, Appellant,
v.
STATE of Florida, Appellee.
No. 76-1565.
District Court of Appeal of Florida, Second District.
July 27, 1977.
*411 Jack O. Johnson, Public Defender, and Jeffrey A. Miller, Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Chief Judge.
Appellant/defendant, Richard Ray Lower, challenges the validity of the stop of an automobile in which he was a passenger. The stop resulted in a warrantless search and his arrest for possession of more than five grams of marijuana, a controlled substance. We hold that there was insufficient basis for a founded or reasonable suspicion which would justify the stop. It was, therefore, invalid and we reverse.
At approximately 12:52 a.m. on July 4, 1976, Deputy Dixon observed an automobile parked in the parking lot of a business area in Sarasota. All of the businesses in the area were closed; none had remained open past midnight. As Dixon drove by in his police cruiser, the automobile backed out of its parking place and pulled away, at what he testified was "a faster than average rate of speed." Dixon followed the vehicle for a short distance and stopped it. The driver had committed no traffic infraction, and no "lookouts" had been issued for the vehicle.
Dixon walked over to the car and asked the driver, Mr. Lamb, for his driver's license and auto registration. As he did so, Dixon noticed "a very, very slight oder [sic] of old marijuana smoke." He asked Lamb to get out of the car and proceeded to frisk him. While frisking Lamb, he felt what he believed to be a baggie in his pocket, which he removed. The baggie contained marijuana. Deputy Dixon placed Lamb under arrest. Dixon then asked appellant, one of the passengers in the car, whether he had any marijuana. Appellant replied that he had about half a lid, whereupon he pulled a baggie of marijuana out of his pocket and handed it to the police officer. Dixon then searched and arrested appellant.
A valid investigatory stop of a vehicle must be predicated on "a founded or reasonable suspicion which requires further investigation" to determine whether its occupants have committed, are committing, or are about to commit a crime. Lewis v. State, 337 So.2d 1031, 1032 (Fla. 2d DCA 1976); Section 901.151, Florida Statutes (1975). See also Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Othen, 300 So.2d 732 (Fla. 2d DCA 1974). The circumstances of this case, that is, the automobile was parked in a parking lot, the businesses surrounding it were closed, and the car left the lot when Deputy Dixon drove by, were insufficient to justify a reasonable conclusion that the occupants of the car were involved in any criminal activity. Under these circumstances the stop was improper, and, therefore, the evidence seized by Dixon from appellant was the fruit of an improper exercise of police power and should have been suppressed. Stanley v. State, 327 So.2d 243 (Fla. 2d DCA 1976).
*412 Reversed and remanded to the trial court with directions to enter an order suppressing the evidence seized from appellant.
HOBSON and GRIMES, JJ., concur.