DAUKSCH, Judge.
The Appellant was convicted of a felony, possession of marijuana, to which he pleaded nolo contendere after having his Motion to Suppress denied. He specifically reserved his right to appeal the Order denying the Motion to Suppress when he entered his plea of nolo contendere.
The facts are that an employee of a restaurant received a telephone call early in the day saying that the restaurant may be robbed. Appellant and his friends came to the restaurant later and “looked suspicious” to the restaurant employee though he could not articulate anything particularly suspicious. The employee called the police who responded immediately. The police in observing the Appellant first saw that he was talking on the telephone and then observed him pay his check and leave the restaurant. Policemen testified they saw nothing of a suspicious nature in the actions of the Appellant and further stated that they observed one of Appellant’s companions leave in an automobile. The police made no effort to detain the companion.
Police testified they had no suspicion any robbery had been committed or any suspicion that any robbery or any other crime was going to be committed. Notwithstanding all of that, the Appellant’s car was blocked from leaving the restaurant while a computer check was run on the Appellant’s automobile and the Appellant. The police testified that the principal purpose for detaining the Appellant was to have a name to put in the report about the incident.
Appellant’s car was connected to a boat and trailer. While the computer check was being conducted one of the policemen, idly walking about with nothing better to do, shined a light into the boat and saw a lid of marijuana.
The police had no probable cause to stop the Appellant, arrest the Appellant or search anything belonging to the Appellant. They did not even have any suspicion in regard to any of the activities of the Appellant or anyone else. Bailey v. State, 319 So.2d 22 (Fla.1975).
The conviction of the Appellant is REVERSED.
CROSS and LETTS, JJ., concur.