349 So.2d 840 (1977)
Lonnie WHITLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 76-444.
District Court of Appeal of Florida, Second District.
September 16, 1977.
Jack O. Johnson, Public Defender, and W.C. McLain, Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Chief Judge.
An information charging appellant with possession of marijuana, heroin, and paraphernalia and carrying a concealed weapon was filed in the circuit court on January 16, 1976. Appellant filed a motion to suppress certain evidence on March 4, 1976. After a *841 hearing the motion was denied, and appellant then entered a plea of nolo contendere to all four counts of the information. He was adjudicated guilty by the trial court and sentenced to a term of imprisonment. He reserved the right to appeal the denial of the motion to suppress.
Appellant contends on appeal that since the circumstances did not meet the standards of Section 901.151, Florida Statutes, the detention was invalid and thereby the evidence seized was inadmissible at trial.
The first time Police Sergeant Troy Hitchcox saw appellant was when appellant entered a vehicle which Hitchcox had under surveillance. The vehicle had been used in a drug transaction two weeks earlier. As the automobile was driven away Hitchcox and his partner, Detective Bonnie Lewis, followed. Hitchcox radioed for a uniformed officer to stop the vehicle.
After the automobile was stopped Hitchcox observed what appeared to be a marijuana cigarette in the ashtray. Detective Lewis then arrested appellant and the driver of the car for possession of marijuana. An inventory search revealed a gun concealed under the seat, heroin, and a heroin blending kit. These items became the basis of the charges against appellant.
Hitchcox and Lewis testified that the only basis for the stop was to continue a narcotics investigation. They did not see a traffic violation being committed. They were not making a license check. They did not have a warrant or consent to stop and search the vehicle. Neither police officer testified that appellant was connected with the previous drug transaction which had involved the same automobile.
A valid detention under Section 901.151, Florida Statutes, requires that the officer be aware of circumstances which reasonably indicate that the person detained for investigation has committed, is committing, or is about to commit a criminal violation. If the stop is not valid any evidence resulting from the stop is inadmissible. Lewis v. State, 337 So.2d 1031 (Fla.2d DCA 1976).
We hold that under the circumstances of this case a reasonable or founded suspicion is not established by occupancy of the vehicle known to have been used in commission of a crime.
At the hearing objections to several questions propounded to Hitchcox concerning what certain confidential informants had told him were sustained on the basis of hearsay. Since this was a hearing on a motion to suppress and the issue was whether the police had a well-founded suspicion of criminal activity the questions were proper and Hitchcox should have been permitted to answer. See Treverrow v. State, 194 So.2d 250 (Fla. 1967); Johnson v. State, 339 So.2d 667 (Fla.2d DCA 1976). Nevertheless, the state failed to make a proffer of what he would have said, and there is no indication that Hitchcox had been told of any specifics concerning a drug transaction scheduled to take place in the vehicle.
In view of the disposition of this appeal we need not address the issue of imposition of a general sentence.
Accordingly, the order denying the motion to suppress, the judgment, and the sentence are reversed, and the cause is remanded for proceedings consistent with this opinion.
REVERSED and REMANDED.
McNULTY and GRIMES, JJ., concur.