355 So.2d 225 (1978)
Paul S. FOSS, Appellant,
v.
STATE of Florida, Appellee.
No. 77-696.
District Court of Appeal of Florida, Second District.
February 24, 1978.
*226 Robert E. Jagger, Public Defender, and Michael C. Cheek, Asst. Public Defender, Clearwater, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
This is an appeal from a judgment of guilt on a charge of felony possession of marijuana. Appellant contends that the trial court erred in denying his motion to suppress the marijuana evidence. We agree and reverse.
At the hearing on the motion, Clearwater Patrolman Robert Repp testified that one night at about 11:00 p.m. he observed a car traveling ten to fifteen miles per hour below the thirty miles per hour speed limit. However, he observed no erratic driving nor any violation of traffic laws. He further testified that he stopped the car because the passenger (appellant) appeared to be slumped over in the seat and he was concerned for his welfare. Subsequent to the stop, Patrolman Repp and another officer shined their flashlight on appellant who was asleep in the car and saw that he was holding a clear plastic bag of marijuana. It was this marijuana which appellant asked the trial court to suppress.
It is our belief that the stop of the car in which appellant was a passenger was improper. Clearly, Officer Repp knew nothing from the facts which we have stated that would have given him a well-founded suspicion of criminal activity on the part of the occupants of the car. Moreover, the circumstances were not such as to give him a reasonable belief that an emergency existed. As a result he could not legally stop the car. Lower v. State, 348 So.2d 410 (Fla. 2d DCA 1977); Long v. State, 310 So.2d 35 (Fla. 2d DCA 1975).
Since the stop was illegal, the seizure of the marijuana was also illegal because it was the fruit of an improper exercise of police power. Lower v. State, supra. Therefore, we reverse the judgment of the trial court and the order placing appellant on probation and remand the case for proceedings consistent with this opinion.
HOBSON, Acting C.J., and OTT and DANAHY, JJ., concur.