358 So.2d 1187 (1978)
David McCLURE, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1748.
District Court of Appeal of Florida, Second District.
May 26, 1978.
Jack O. Johnson, Public Defender, and F. Linton Sloan, Jr., Sp. Asst. Public Defender, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
*1188 RYDER, Judge.
Appellant contends the trial court erred in denying his motion to suppress certain evidence. We agree.
During the suppression hearing, the testimony disclosed that Police Sergeant Robert Foster was on patrol in an unmarked police unit during the early morning hours of March 1, 1977. As he drove past an apartment complex, he observed two men alight from a parked Volkswagen and walk to the apartment of one Samuel Anthony Mozola, Jr., who Foster described as a well-known drug dealer. Foster also noticed the men were watching him. After they entered the apartment he radioed for Officer Wakowiak to come to the area as a backup. Wakowiak did so and parked in a street near the apartment complex.
Subsequently, the two men, who had earlier drawn Foster's attention, left Mozola's apartment, returned to their vehicle, and began to drive off. When their car came even with Wakowiak's police cruiser, appellant, who was the driver, stopped and stared at Wakowiak for fifteen to thirty seconds. At this point, Wakowiak put on his overhead flashing light, left his patrol car, walked over to appellant and asked for his identification. After appellant produced his license, Officer Wakowiak noticed a plastic bag containing marijuana lying next to the driver's seat. Officer Foster also noticed the marijuana as he attempted to ascertain appellant's passenger's identification. The officers arrested appellant for possession of marijuana to which charge he later pled nolo contendere reserving the right to appeal the denial of his motion to suppress.
As we have noted many times before, an investigatory detention is valid only when a police officer had a reasonable or founded suspicion of the presence of criminal activity. Foss v. State, 355 So.2d 225 (Fla.2d DCA 1978); Lower v. State, 348 So.2d 410 (Fla.2d DCA 1977); Lewis v. State, 337 So.2d 1031 (Fla.2d DCA 1976). Clearly, then Officer Wakowiak's detention of appellant was improper. While appellant's stare was most certainly annoying to Wakowiak, neither it nor the fact that appellant had visited a person alleged to be a drug dealer could serve as the basis for a founded suspicion of criminal activity. See Vollmer v. State, 337 So.2d 1024 (Fla.2d DCA 1974).
Since the detention initially was improper, the seizure of the marijuana was also illegal. Lower v. State, supra. Accordingly, we vacate the order withholding adjudication and placing appellant on probation and remand the case for further proceedings consistent with this opinion.
BOARDMAN, C.J., and OTT, J., concur.