HOBSON, Acting Chief Judge.
Appellant appeals a judgment and sentence on the charge of possession of cannabis Of more than five grams.
Appellant entered a written plea of not guilty and filed a motion to suppress the evidence. After the motion was denied, appellant withdraw his plea of not guilty and entered a plea of nolo contendere, reserving his right to appeal the order on the motion to suppress.
We reverse, based on the following facts as testified to by the arresting deputy sheriff. The deputy was patrolling at approximately 9:00 P.M. in the vicinity of Beverly Drive where he had been informed by his supervisor that a couple of nights before there had been disturbances and possibly gang wars. As he was parked behind a building he observed two vehicles drive down Beverly Drive. Approximately two minutes later when the vehicles had not returned, he proceeded along the same street. He saw the two vehicles parked side by side and no other vehicles were in the general area. One vehicle was a car in which the appellant and a passenger were seated. The other vehicle was a pick-up truck with one occupant who was sitting in the driver’s side. The deputy asked for identification and each person showed him his driver’s license. They were asked to step out of the vehicles when they identified themselves. The deputy further inquired as to their reason for being in the area. He was informed that they were there to meet some friends; however, the deputy noted that there were no other persons or vehicles in the area nor did • any approach while he was questioning them.
Thereupon the deputy checked each person through the computer to see if there were any outstanding warrants. The an *170 swer was negative. The deputy then testified that he was not satisfied with their explanation and because he thought there might be some trouble in the area he placed the three against one of the vehicles and conducted a patdown search. He felt a hard round object possibly four or five inches just inside the pants of the appellant and a little below the belt line. Thinking this might be a weapon, he removed it from appellant’s pants. The object was of a plastic material and tightly wrapped. Still thinking this might be a weapon, he unwrapped the plastic object and discovered what appeared to be marijuana. He immediately read the appellant his Miranda rights, after which he asked appellant what the substance was and appellant told him it was marijuana. The deputy then noticed another bulge in the front of appellant’s pants and removed it. It was another tightly-wrapped package containing marijuana. Appellant was then placed under arrest. This deputy was the only witness.
On cross examination the deputy testified he had no report of the kinds of vehicles involved in the disturbances that had occurred previously and he did not recognize these individuals. Prior to the patdown the deputy had not had any indication that they might be carrying weapons, had seen no bulges, nor did the individuals make any statements to the effect that they might be carrying weapons.
Under our “stop and frisk” law, Florida Statute 901.151(2) (1977), it is provided that
Whenever any law enforcement officer of this state encounters any person under circumstances which reasonably indicate that such person has committed, is committing, or is about to commit a violation of the criminal laws of this state or the criminal ordinances of any municipality or county, he may temporarily detain such person for the purpose of ascertaining the identity of the person temporarily detained and the circumstances surrounding his presence abroad which led the officer to believe that he had committed, was committing, or was about to commit a criminal offense.
The United States Supreme Court in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) stated:
[I]n justifying the particular intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion.
Under the facts of this case there are no circumstances which would reasonably indicate that the appellant committed, was committing, or was about to commit a crime. Bailey v. State, 319 So.2d 22 (Fla. 1975); McClure v. State, 358 So.2d 1187 (Fla. 2d DCA 1978).
For the foregoing reasons the judgment and sentence are reversed and the appellant is discharged.
SCHEB and RYDER, JJ., concur.