363 So.2d 383 (1978)
Charles PARKER, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-1370.
District Court of Appeal of Florida, Third District.
October 3, 1978.
Rehearing Denied November 9, 1978.
*384 Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before PEARSON, BARKDULL and KEHOE, JJ.
KEHOE, Judge.
Appellant, defendant below, brings this appeal from an adjudication of guilty entered by the trial court after a plea of nolo contendere to the charges of possession of heroin and possession of narcotic paraphernalia. During the course of the proceedings below, appellant, after entering his nolo contendere plea, reserved the right to appeal the denial of his motion to suppress certain physical evidence. The trial court imposed a two year term of probation on appellant. We reverse.
Appellant's sole point on appeal is stated in his brief as follows:
"The trial court erred in denying a motion to suppress evidence seized from the defendant where the initial stop of the defendant was not based upon a reasonable suspicion that he was engaged in criminal activity, and the contraband seized from the defendant during the course of the stop was therefore obtained in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and Article I, Section 9, 12 [sic] of the Constitution of the State of Florida."
The initial question presented to us by this appeal is whether, as reflected by the record, appellee, the prosecution below, sustained its burden of proof of showing the reasonableness of the original "stop" of appellant. The facts upon which our decision is based may be summarized as follows:
Officer Arnold Findley of the City of Hialeah Police Department was on routine patrol of a warehouse area in Hialeah at approximately 6:30 P.M. on February 28, *385 1977 when he observed appellant walking along the street. Officer Findley was aware that appellant had previously been arrested for burglary and narcotics offenses, although he had never personally arrested appellant and was unaware of any convictions. The officer had seen appellant "in a couple of other cases in the area".
As the officer in his police car drove past appellant, appellant turned to look at him. Appellant then continued to walk in the same direction, and did not flee.
Officer Findley then turned his car around, and stopped near appellant. Appellant did not flee when approached by the officer. Officer Findley exited his car, stopped appellant, and demanded that he produce identification. Officer Findley did not believe that appellant had committed a criminal offense:
Q. At the time you stopped him, did you have have reason to believe that he had committed a crime?
A. Just like I stated, it was a warehouse area, and the warehouse area was closed at the time.
Rather, appellant had aroused the suspicions of the officer by turning to look at him:
Q. Did he do anything that aroused your suspicions?
A. I initially passed him and saw him turn around and observe me, and I turned around and approached.
Q. Based upon your observations, had he committed any violation of the law, other than observing you?
A. He was in a closed warehouse area and it was my job to investigate and find out what the reason was for him to be in that area.
When officer Findley inquired of appellant regarding his presence in the area, he responded that "he was going to a store or something to that effect." The officer testified that he had no reason not to believe appellant.
In response to the demand for identification, appellant produced identification which apparently had a female name upon it. Officer Findley thereupon proceeded to conduct a "pat-down" search. He stated that the purpose of the search was "[f]or my own safety." Officer Findley further stated that he would have searched appellant even if proper identification had been produced.
After the stop, officer Findley observed a cylindrical bulge in the right trouser pocket of appellant. As he touched the object, which he thought might be a knife or a screwdriver, appellant jumped away from the officer and put his right hand in the pocket. Officer Findley then forcibly removed appellant's hand from his pocket, and observed a clear plastic bag which appeared to contain a syringe inside of the pocket.
Officer Findley seized the bag, which also contained needles and bottlecap "cooker". Appellant then fled, and was subsequently captured by the officer.
Appellant's motion to suppress alleged that the evidence seized from him during this encounter was the product of an illegal stop and was therefore inadmissible. At the hearing of his motion, appellant's counsel stipulated that the arrest affidavit and the testimony of officer Findley on deposition and at the preliminary hearing would be the testimony on the motion. After considering this testimony, the court denied the motion.
When a police officer has a reasonable suspicion that an individual is engaged in criminal activity, a limited investigatory stop on less than probable cause is constitutionally permissible. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). To justify a "stop", the police officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21, 88 S.Ct. at 1880 (footnote omitted).
The Terry standards have been codified in Section 901.151, Florida Statutes (1977), which provides in pertinent part:
(2) Whenever any law enforcement officer of this state encounters any person under circumstances which reasonably indicate that such person has committed, is *386 committing, or is about to commit a violation of the criminal laws of this state or the criminal ordinances of any municipality or county, he may temporarily detain such person for the purpose of ascertaining the identity of the person temporarily detained and the circumstances surrounding his presence abroad which led the officer to believe that he had committed, was committing, or was about to commit a criminal offense.
The circumstances which will justify an investigatory stop must reasonably indicate that the individual is engaged in criminal activity, or the stop is illegal. Colodonato v. State, 348 So.2d 326 (Fla. 1977); Whitley v. State, 349 So.2d 840 (Fla. 2d DCA 1977); State v. Lundy, 334 So.2d 671 (Fla. 4th DCA 1976); Perry v. State, 296 So.2d 505 (Fla.3d DCA 1974).
In our opinion, the provisions of Terry and Section 901.151 were violated in this case, and the evidence which was obtained as a result of the stop of the defendant was unlawfully seized. Whitley v. State, 349 So.2d 840 (Fla. 2d DCA 1977); and Lewis v. State, 337 So.2d 1031 (Fla. 2d DCA 1976). The trial court therefore erred in denying appellant's motion to suppress that evidence.
The only basis stated by the arresting officer for his stop of appellant was that he turned to look at the officer as he drove past in his police car. The officer did not state that he believed appellant had committed a criminal offense. Further, appellant did not flee after observing the officer drive past him, but continued to walk in the same direction. Nor did appellant flee when approached by the officer. When officer Findley inquired of appellant regarding his presence in the area, he responded that "he was going to a store or something to that effect." The officer testified that he had no reason not to believe appellant.
Officer Findley conducted a "pat-down" search of the defendant after the defendant, in response to a demand for identification, produced identification with a female name. However, he testified that he would have searched appellant even if proper identification had been produced.
We feel that the circumstances under which officer Findley observed appellant do not support a reasonable suspicion that he was engaged in a criminal activity. Such suspicion must be "founded", that is, it must have some factual foundation and cannot be a "`[m]ere' or `bare' suspicion", which is insufficient to support a detention. State v. Stevens, 354 So.2d 1244, 1247 (Fla. 4th DCA 1978). There must be a "founded suspicion" that the individual encountered by the police officer "is involved in criminal activity." Maruca v. State, 329 So.2d 427, 429 (Fla. 3d DCA 1976), citing United States v. Rias, 524 F.2d 118, 120-21 (5th Cir.1975). Officer Findley could point to no articulable basis for his suspicion except the fact that appellant turned to look at him as he passed. This is insufficient.
We hold that appellee has failed to sustain its burden of showing the reasonableness of the original "stop" of appellant in this case and that the evidence which was obtained as a result of the stop was illegally seized. Accordingly, the trial court erred in denying appellant's motion to suppress. For these reasons, the judgment of conviction and sentence appealed are reversed.
Reversed.