363 So.2d 1116 (1978)
Ronald CURRENS, Appellant,
v.
STATE of Florida, Appellee.
No. 76-1534.
District Court of Appeal of Florida, Fourth District.
October 4, 1978.
Rehearing Denied November 29, 1978.
Edward M. Kay of Varon, Stahl, Kay & Roderman, Hollywood, succeeded by Larry G. Turner, Gainesville, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellee.
MOORE, Judge.
This appeal challenges the denial of a motion to suppress evidence after which the appellant entered a plea of no contest to charges of possession of marijuana and hashish. He was convicted and sentenced.
At approximately 1:30 A.M., a police officer observed a sports car, legally parked, with the windows closed and engine *1117 off. The car contained three occupants, including appellant. After passing the car, the officer stationed himself at a vantage point where he could observe the car for approximately three to four minutes. Seeing no unusual activity, the officer drove his motorcycle up to and adjacent with the car at which point the appellant, noticing the officer, made a quick motion with his hand between his legs. Appellant was ordered out of his vehicle and upon exiting same the officer observed what appeared to be marijuana on the floor of the vehicle. Appellant was arrested for possession of marijuana which was seized pursuant to the arrest.
We find that under these circumstances the officer did not have a sufficient reason for ordering appellant to leave his vehicle. The officer could investigate appellant's presence in the legally parked vehicle only if he had "a founded or reasonable suspicion which requires further investigation to determine whether its [the car's] occupants have committed, are committing, or are about to commit a crime." Lower v. State, 348 So.2d 410 (Fla. 2d DCA 1977). Having observed the vehicle for approximately three to four minutes and seeing no suspicious activity, the officer had no reason to approach the vehicle or its occupants. Upon the officer's arrival, appellant's quick movement of his hand between his legs did not, in and of itself, constitute such a founded or reasonable suspicion, nor did it constitute probable cause to enable the officer to order appellant out of his car for the purpose of conducting an investigation. There was no indication that appellant was involved in any criminal activity, nor was there any reason to believe that the safety of the officer or the public was endangered.
As the officer's initial detention of appellant was illegal, the subsequent seizure of the marijuana is similarly illegal because had it not been for the initial approach without justification the marijuana would never have been discovered. As this Court stated in Thomas v. State, 297 So.2d 850 (Fla. 4th DCA 1974):
"The stop here can only be classified as an exploratory one based on unfounded suspicion."
Accordingly, the motion to suppress should have been granted. We therefore find that the trial court erred in denying the motion to suppress and reverse the conviction and sentence and remand with instructions to discharge the appellant. Bailey v. State, 319 So.2d 22 (Fla. 1975); Bennett v. State, 350 So.2d 14 (Fla. 4th DCA 1977); Vollmer v. State, 337 So.2d 1024 (Fla. 2d DCA 1976); Lower, supra.
REVERSED AND REMANDED.
DOWNEY, C.J., concurs.
RIVKIND, LEONARD, Associate Judge, dissents without opinion.