378 So.2d 123 (1980)
Roy E. MOOREHEAD, Appellant,
v.
STATE of Florida, Appellee.
No. 79-1115.
District Court of Appeal of Florida, Second District.
January 4, 1980.
*124 Jack O. Johnson, Public Defender, David A. Davis, Asst. Public Defender, and Douglas A. Lockwood, Legal Intern., Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee and James S. Purdy, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Appellant pleaded nolo contendere to possession of a controlled substance and reserved the right to appeal the trial court's denial of his motion to suppress. We reverse.
Around 6:30 p.m. on November 28, 1978, appellant was walking towards a recreation center in Reddington Beach. Appellant was carrying his personal pool cue with him to play pool at the center which was to open in about thirty minutes. The center was located above a city fire station.
When stopped by a police officer and asked for identification, appellant complied by producing his driver's license and blood donor card. Appellant also complied with the officer's request that he accompany the officer to the police station to fill out a field interrogation card. At the station, the officer began admiring appellant's pool cue and asked if he might examine it. Appellant consented and handed it to the officer who began shaking it. He heard something rattling around inside the cue and thought a weapon of some sort might be concealed therein. The officer unscrewed the cue, and observed a piece of paper with something secreted inside. The contents were subsequently determined to be phenobarbital, and appellant was arrested and charged with its possession.
Appellant pleaded not guilty and moved to suppress the phenobarbital. At the suppression hearing, the officer testified that while there had been a purse snatching incident in a neighboring community the day prior to appellant's arrest, he had no suspicion that appellant had committed that or any other crime at the time he stopped him. Indeed, he admitted that it was not at all unusual to see young people in the vicinity of the recreational hall at that time of evening. Nonetheless, the trial judge declined to suppress the evidence on the theory that appellant had consented to the search.
Such conduct by the police as occurred here may not be condoned, and any evidence discovered as a result thereof is tainted and may neither serve as the basis for a criminal charge nor be admissible at trial. Foss v. State, 355 So.2d 225 (Fla. 2d DCA 1978); Taylor v. State, 355 So.2d 180 (Fla. 3d DCA 1978); Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975).
We reject any contention that appellant consented to the search and that this represented a clear break in the chain of illegality sufficient to dissipate the taint. See Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). The officer did not ask for and appellant did not give his consent to a search of the pool cue. Rather, appellant handed the cue to the officer at his request, for him to admire. But even if the officer had requested and appellant had consented to a search, we do not find this to be one of those rare instances where consent following illegal police activity is voluntary. "[O]rdinarily consent given after an illegal arrest will not lose its unconstitutional taint." Bailey v. State, 319 So.2d 22, 28 (Fla. 1975). See also Urquhart v. State, 211 So.2d 79 (Fla. 2d DCA 1968).
*125 Since the stop was illegal, the subsequent search and seizure was also illegal. Therefore, we REVERSE the order of the trial court denying appellant's motion to suppress and REMAND the case for proceedings consistent with this opinion.
SCHEB, Acting C.J., and OTT, J., concur.