382 So.2d 1249 (1980)
Michael David LEWIS, Appellant,
v.
STATE of Florida, Appellee.
No. 78-2335/T4-273.
District Court of Appeal of Florida, Fifth District.
April 2, 1980.
Rehearing Denied May 5, 1980.
Richard L. Jorandby, Public Defender, Terence Kann, Legal Intern, and Tatjana Ostapoff, Chief, Appellate Division, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and John D. Cecilian, Asst. Atty. Gen., West Palm Beach, for appellee.
DAUKSCH, Chief Judge.
This is an appeal from a conviction of burglary and the question on appeal is whether the trial court erred in denying a motion to suppress evidence. It is our conclusion *1250 the evidence was seized from the appellant in an illegal fashion in violation of the fourth and fourteenth amendments to the Constitution of the United States and article I, section 12, of the Constitution of the State of Florida. Therefore we reverse the order denying the suppression of the evidence and order appellant discharged.
Appellant was seen by patrolling police officers in the early morning hours as he was walking down a public street carrying a large brown grocery bag and a smaller brown paper bag. These uniformed officers pulled ahead of appellant, stopped their marked patrol car and waited outside the car for appellant to come closer. Another car pulled up, stopped, and appellant entered that car and sat down. The policemen told the driver to wait so they could talk to appellant and as they looked into the car they could see appellant's large bag was full of assorted cigarettes. Appellant was advised of his Miranda rights, requested to go to the police station with the officers where he admitted he broke into a poolhall and stole the cigarettes and money from vending machines. The small bag contained many coins. Appellant pleaded nolo contendere to the burglary and specifically reserved his right to appeal the unlawful search.
Since the officers had neither an arrest nor search warrant, the only legal way they could have detained the appellant was if they had reasonable grounds to believe he had committed a violation. If they had such a reasonable belief, also defined as "founded suspicion," then the Florida Stop and Frisk law, section 901.151(2), Florida Statutes (1979), gives the authority for the detainer.[1]Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Rheiner, 297 So.2d 130 (Fla. 2d DCA 1974); Bennett v. State, 350 So.2d 14 (Fla. 4th DCA 1977).
The facts of this case are rather similar to the facts in Ingram v. State, 364 So.2d 821 (Fla. 4th DCA 1978), where that appellant was seen in possession of a paper bag acting "suspiciously." As in Ingram, there was no legally sufficient reason for the officers to detain this appellant nor his companion in the car just because appellant was carrying two paper bags down the street in the early morning hours. No burglary nor other crime had been reported and appellant displayed no indicia of criminality except the bags. See also Parker v. State, 363 So.2d 383 (Fla. 3d DCA 1978). Because the initial stop was illegal all that flowed from it was essentially illegal and the fruits of the search, along with the confession, cannot be used in trial against the appellant. Whitley v. State, 349 So.2d 840 (Fla. 2d DCA 1977). Wong Sun v. U.S., 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).
The order denying the suppression of evidence is reversed and appellant is ordered discharged.
REVERSED.
COBB, J., concurs.
CROSS, J., dissents without opinion.
NOTES
[1] Whenever any law enforcement officer of this state encounters any person under circumstances which reasonably indicate that such person has committed, is committing, or is about to commit a violation of the criminal laws of this state or the criminal ordinances of any municipality or county, he may temporarily detain such person for the purpose of ascertaining the identity of the person temporarily detained and the circumstances surrounding his presence abroad which led the officer to believe that he had committed, was committing, or was about to commit a criminal offense.