408 So.2d 721 (1982)
Kelvin David McCLAIN, Appellant,
v.
STATE of Florida, Appellee.
No. YY-243.
District Court of Appeal of Florida, First District.
January 12, 1982.
Michael Allen, Public Defender, and Melanie Ann Hines, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, and Todd Foster, Legal Intern, for appellee.
SHIVERS, Judge.
McClain pled no contest to a charge of possession of a firearm by a convicted felon, preserving his right to appeal the trial court's denial of his motion to suppress the weapon. Because McClain is correct that the firearm was unlawfully seized, we reverse his conviction.
A Jacksonville sheriff's detective was patrolling in his unmarked car through the west side of the city in the early afternoon when he noticed McClain and a companion. The pair had walked out of a store but then turned around and entered it again. The detective later said he thought he might have "spooked them," so he radioed for assistance and two officers in another car responded. Meanwhile, McClain and his companion emerged from the store and started walking down the sidewalk on the detective's side of the street, approaching him. But before they reached him, they crossed the street and continued on the other sidewalk. The officer said this action "gave me the impression they were avoiding me," and that "at this time I really thought they were up to something."
The detective maneuvered his car behind them, and the backup police car fell in behind him. By this time, the officer said, the pair was walking "briskly ... at a *722 pretty good pace." When they rounded a corner, the detective sped ahead and pulled up in front of them. The two reversed direction and re-rounded the corner, where they were met by the backup officers. An eventual search of McClain revealed the gun on which his conviction was based.
In this appeal, McClain urges that the weapon should have been suppressed because the initial stop was improper or because the subsequent detainment and search were improper. We find reversible error was committed on the first point, so we will not address the remaining issues.
Initially the state argues that the incident did not amount to a "police stop" but was merely an "encounter" which does not call up the protection of the Fourth Amendment. See United States v. Wylie, 569 F.2d 62 (D.C. Cir.1977); State v. Cahill, 388 So.2d 354 (Fla.2d DCA 1980). The detention of a citizen does not take on constitutional dimension unless "in view of all the circumstances surrounding the incident, a reasonable person would have believed he was not free to leave." United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980). However, in view of the fact that the officers stalked these suspects, headed them off at the pass and rounded them up, the state's argument is without merit. It is clear that the officers' action "by means of physical force or show of authority, has in some way restrained the liberty of a citizen." 446 U.S. at 552, 100 S.Ct. at 1876, quoting Terry v. Ohio, 392 U.S. 1, 19, 88 S.Ct. 1868, 1878, 20 L.Ed.2d 889 (1968). In short, there was a seizure here.
To sustain their stop of McClain the officers were required to have a reasonable suspicion  well founded, articulable and based on objective facts  that he was involved in criminal activity. See Brown v. Texas, 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed.2d 357 (1979). See generally Robinson v. State, 388 So.2d 286 (Fla. 1st DCA 1980). However, the detective here said he stopped McClain and his companion only because they seemed to be avoiding him. We hold that under the circumstances of this case, McClain's behavior which, taken for its most insidious implications, indicated only that he wanted to avoid police, could not give rise to a reasonable suspicion that he was engaged in criminal activity. Although we know of no case in which a court has been asked to decide if "pure police avoidance behavior" may justify stop, our decision today is in accord with other opinions which hold that more than a "bare suspicion" of criminal activity is required. See Coladonato v. State, 348 So.2d 326 (Fla. 1976); Stanley v. State, 327 So.2d 243 (Fla. 2nd DCA 1976); Vollmer v. State, 337 So.2d 1024 (Fla. 2nd DCA 1976); Parker v. State, 363 So.2d 383 (Fla. 3rd DCA 1978).
Accordingly, judgment and sentence are REVERSED.
ROBERT P. SMITH, Jr., C.J., and McCORD, J., concur.