FERGUSON, Judge.
The facts relied upon as justification for an investigatory stop which led to appellant’s arrest and conviction for carrying a concealed firearm are as follows: The automobile in which appellant was riding as a passenger was stopped at a traffic intersection while another person leaned over into the vehicle to converse with the occupants. As a police car approached, appellant’s car started to drive away. The vehicle occupied by appellant was stopped and an investigation was done with the aid of a flashlight. Because a “blue metal object” was allegedly visible through a “one-inch opening” in appellant’s brown leather purse, the purse was seized and appellant arrested. The arresting officer could not recall whether the vehicle, when stopped, was preventing other traffic from proceeding through the intersection. No traffic arrest was effected.
On the evidence presented, viewed most favorable to state, there is no showing of an articulable suspicion that the vehicle or the occupants were engaged in criminal activity. Cases relied upon by the appellant are controlling. Kearse v. State, 384 So.2d 272 (Fla. 4th DCA 1980) (defendant walking “briskly” away from officers after seen leaning into occupied ear parked in service station lot, no justification for stop); Keenan v. State, 372 So.2d 1012 (Fla. 1st DCA 1979) (defendant’s conversing with one known to “sell sexual services”, and driving in a high crime area late at night, no basis for detention); Lower v. State, 348 So.2d 410 (Fla. 2d DCA 1977) (defendant backed his automobile out of parking space in business area after business hours driving away at a faster than average speed when a police car drove by, insufficient as a reasonable justification for a stop).
On these facts we must reject the argument that there was a “preintrusive open view” of a concealed firearm. See Ensor v. State, 403 So.2d 349 (Fla.1981).
Because the motion to suppress should have been granted, we reverse with instructions to discharge the defendant.