520 So.2d 325 (1988)
The STATE of Florida, Appellant,
v.
Stanley Roland BUTLER, Appellee.
No. 87-1641.
District Court of Appeal of Florida, Third District.
March 1, 1988.
Robert A. Butterworth, Atty. Gen., and Claire Lardner, Certified Legal Intern, and Richard L. Polin and Fariba N. Komeily, Asst. Attys. Gen., for appellant.
Weiner, Robbins, Tunkey & Ross and Benjamin S. Waxman and Robert G. Amsel, Miami, for appellee.
Before HENDRY and DANIEL S. PEARSON and JORGENSON, JJ.
HENDRY, Judge.
The state appeals from an order granting defendant's motion to suppress evidence and statements. We affirm.
Police officers, acting on a tip provided by an unidentified informant with no history of reliability, set up surveillance outside a house suspected of being the site of drug activity. No activity of any kind was observed during the initial surveillance. A few weeks later, officers noticed vehicles parked at the house. A van, driven by *326 defendant, and another vehicle were followed by the officers as they drove away from the house.[1] After the individuals had traveled a few miles, officers stopped the vehicles, although no traffic violations were observed. At this point there is conflicting testimony regarding the subsequent events. A plain-clothed officer testified he approached the van without drawing his gun and asked defendant for permission to search the van, which defendant allegedly granted. Defendant testified that a uniformed officer told him to get out of the van at gunpoint. Defendant further testified that while he was outside with his hands up, another officer took the keys from the ignition and began to search the van without obtaining defendant's consent to search. One hundred bales of marijuana were found inside a compartment of the van.
The trial court concluded that the state failed to meet its burden in demonstrating the existence of "specific and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant[ed the stop of defendant's van]." Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906 (1968). "[W]hen consent is obtained after illegal police activity such as an illegal search or arrest, the unlawful police action presumptively taints and renders involuntary any consent to search." Norman v. State, 379 So.2d 643, 646-47 (Fla. 1980); accord Bailey v. State, 319 So.2d 22 (Fla. 1975). The trial court, relying on Norman, found the defendant's alleged consent was involuntary because there was no "clear and convincing proof[[2]] of an unequivocal break in the chain of illegality sufficient to dissipate the taint of prior official illegal action." Norman, 379 So.2d at 647.
The state contends, however, that defendant was advised he had the right to refuse consent to the search. Consequently, the state argues, any taint which may have arisen from the unlawful stop was dissipated as a matter of law when defendant was informed of his constitutional right to refuse consent, yet voluntarily agreed to the search. State v. Martinez, 459 So.2d 1062 (Fla. 3d DCA 1984); State v. Milwood, 430 So.2d 563 (Fla. 3d DCA 1983); Husted v. State, 370 So.2d 853 (Fla.3d DCA 1979).
Unlike the ample record provided in State v. Gribeiro, 513 So.2d 1323, 1324 (Fla.3d DCA 1987), which stated defendant "was advised that he need not consent to a search, and in spite of these events, he voluntarily consented to a search", see also Martinez, 459 So.2d at 1062 (record indisputably reflects that defendant was advised by police of her right to withhold consent to search); State v. Mitchell, 377 So.2d 1006 (Fla. 3d DCA 1979) (uncontradicted testimony indicates defendant was twice informed of right to refuse consent to search), the record in the instant case is scanty and at best provides conflicting testimony regarding whether defendant was advised he had a right to refuse consent. In view of the fact that a ruling on a motion to suppress is presumptively correct, and an appellate court should interpret the evidence and reasonable inferences *327 in a manner most favorable to the trial court's ruling, Johnson v. State, 438 So.2d 774, 776 (Fla. 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1329, 79 L.Ed.2d 724 (1984), we affirm.
Affirmed.
DANIEL S. PEARSON, Judge, concurring.
While it is true, as Judge Jorgenson observes, that the trial judge ostensibly disclaimed making a factual finding on the issue of consent, later in his order the trial judge went on to say, as Judge Hendry observes, "that to the extent that the State's sole witness testified that the defendant gave consent to search the vehicle, I find that the consent was involuntary as there was no clear and convincing proof of an unequivocal break in the chain of illegalities sufficient to dissipate the taint of the prior official illegal action." I think, therefore, that the consent issue has been resolved, and there is no need for a remand.
JORGENSON, Judge, dissenting.
I respectfully dissent.
Although an order of a trial court granting a motion to suppress is presumptively correct, Johnson v. State, 438 So.2d 774, 776 (Fla. 3d DCA 1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1329, 79 L.Ed.2d 724 (1984), the trial court in its findings of fact and conclusions of law explicitly did not reach the consent issue. In its order, the trial court noted that
[s]ince the court is of the opinion that the stop of the vehicle was contrary to law, it makes no specific factual findings regarding activites occurring subsequent to the stop other than to note that Officer Smith testified that immediately after the stop, the Defendant gave consent to search the vehicle. [Emphasis supplied.]
The trial court's order also stated that "the Court makes no factual finding with respect to the existence of consent in this case." [Emphasis supplied.]
The question of whether the defendant consented to the search of his vehicle after being advised by a police officer of his right to refuse is essential to a determination of the validity of the search.[1] I would, therefore, remand to the trial court for clear resolution of the consent issue. See State v. Gribeiro, 513 So.2d 1323, 1324 (Fla. 3d DCA 1987).
NOTES
[1] No illegal activity was observed by the officers during the subsequent surveillance. Furthermore, the officers observed no behavior consistent with the tip, except that one of the vehicles had a Maryland plate. The only evidence gathered from this surveillance was that the defendant wore gloves when he left the house, the other individual carried a box wrapped with duct tape, and garbage bags full of something were seen inside the garage of the house.
[2] The correct standard of proof in cases such as this where consent follows an illegal detention, arrest, seizure, search or other police misconduct is clear and convincing evidence. State v. Fuksman, 468 So.2d 1067, 1072 (Fla. 3d DCA 1985) (special concurrence, Pearson, Daniel S., J.); see DuBoise v. State, 12 F.L.W. 107 (Fla.Feb. 27, 1987) (clear and convincing standard is used to prove defendant's consent was voluntarily given after an illegal arrest); Alvarez v. State, 515 So.2d 286 (Fla. 4th DCA 1987) (no valid consent is established unless state can show, by clear and convincing evidence, an unequivocal break in the chain of illegality between the prior unlawful detention and the purported consent); cf. State v. Blan, 489 So.2d 865 (Fla. 1st DCA 1986) (absent antecedent police misconduct, consent to search need only be shown by preponderance of the evidence).
[1] For wholly inexplicable reasons, the state makes no attack upon the trial court's ruling that the stop of the defendant's vehicle was unlawful.