BASKIN, Judge
(dissenting).
The total absence in the record of any articulable grounds for the police to stop defendant’s vehicle compels me to dissent. The facts before us are distinguishable from those in the authority cited by the majority. Here, the police relied on an anonymous written tip in the form of a note stating “drug sale cocaine,” listing several names, phone numbers, addresses, and the model and license number of a car. The mailing was postmarked July 2, 1987, but was not received until the week of July 13, 1987. The police drove by the named residence several times during the next three weeks, but noticed nothing unusual. The written tip was not fruitful until August 3,1987, when officers traced a license tag on a vehicle parked in front of the house and recognized the name of the owner (not defendant Lobo) as an individual who had been involved with narcotics. The officers observed defendant Lobo look up and down the street before he entered the house and, after a short time, saw him leave the house with a brown paper bag. As he drove away, the officers pursued his car and attempted to stop the vehicle, although no traffic violations had occurred. It was at that point that driver Lobo sped off in the car only to be caught, stopped, and searched.
Those circumstances do not present a sufficient, articulable basis for stopping the car. See McClure v. State, 358 So.2d 1187 (Fla.2d DCA 1978). Cf. State v. Butler, 520 So.2d 325 (Fla.3d DCA 1988). In Butler, police, acting on a tip from an unidentified informant with no history of reliability, surveilled a residence they suspected was used for drug transactions. The surveillance indicated no unusual activity. The court found the officers lacked reasonable and articulable suspicion sufficient to stop a van even though its driver left the house wearing gloves and carrying a box wrapped with duct tape, because the van violated no traffic laws prior to the stop. The court held that the consent to search obtained after the illegal stop was tainted and presumptively involuntary. Similarly, here, the search of the car, after defendant Lobo sped away from police and was caught, was tainted by the officer’s initially impermissible stop. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Butler; State v. Rizo, 463 So.2d 1165 (Fla.3d DCA 1984).
*1060 For these reasons, I would reverse the denial of the motion to suppress.
ON MOTION FOR REHEARING
PER CURIAM.
On motion for rehearing the court adopts the dissenting opinion of Judge Baskin as its own. Accordingly, the judgment under review is reversed and the defendant is discharged.
SCHWARTZ, C.J., and BASKIN, J., concur.
JOSEPH P. McNULTY, Associate Judge, dissents.