## STATE OF FLORIDA v PORTERFIELD

Case No. 88-30348MM10A

County Court, Broward County

June 29, 1989

### APPEARANCES OF COUNSEL

Office of the State Attorney, for plaintiff.

**Helene B. Raisman,** for defendant.

### OPINION OF THE COURT

LINDA R. PRATT, County Judge.

THIS CAUSE is before the court on defendant's motion to suppress all evidence obtained based on an alleged unlawful search and seizure of defendant.

Upon consideration of the evidence and arguments of counsel, the court finds as follows:

On December 6, 1988 at approximately 1:00 a.m. Officer Richard

Wendrow of the Davie Police Department was on routine patrol when he saw defendant's vehicle pull over to the side of the road. The area where defendant pulled over is a grassy strip approximately three feet wide bordering a canal. There are not homes or businesses where defendant pulled over, nor is it designated for parking.*

Thinking defendant's vehicle might be in trouble, Officer Wendrow also pulled off the road to investigate. He had no suspicion of criminal activity, and the sole reason for his approach of defendant was to determine if he were in trouble or disabled. Sometime after Officer Wendrow pulled over, Officer Franquiz arrived. However, the two officers' recollections differ as to when that occurred and the precise chain of events thereafter. The court finds the more likely description of events to be that of Officer Franquiz, who testified that when he arrived, Officer Wendrow had not yet approached defendant's car. Once Officer Franquiz arrived, they both approached, and Officer Wendrow asked defendant to exit the car. When defendant exited, Officer Wendrow smelled a strong odor of alcoholic beverage on his breath, and from that point, an investigation of a possible charge of driving under the influence began.

Defendant's position is that the initial police confrontation in this case was an unreasonable search and seizure, prohibited by the State and Federal Constitutions. He argues that an officer may not stop a motor vehicle without a founded or reasonable suspicion of criminal activity. In support of this position, defendant cites *Brown v Texas,* 443 U.S. 47 (1979); *State v Jones,* 483 So.2d 433 (Fla. 1986); *Kimbrough v State,* 14 FLW 725 (Fla. 4th DCA 1989); *McClain v State,* 408 So.2d 721 (Fla. 1st DCA 1982); pet. reh. den. 415 So.2d 1361 (Fla 1982); *Currens v State,* 363 So.2d 1116 (Fla. 4th DCA 1978); *Lower v State,* 348 So.2d 410 (Fla. 2d DCA 1977); and *McCloud v State,* 491 So.2d 1164 (Fla. 2d DCA 1968).

The cases cited by defendant are distinguishable. In this case, the police did not stop defendant or his car as he was trying to walk or drive away, for the sole purpose of acting on a hunch of criminal conduct afoot, as in *Kimbrough, McClain, Lower,* or *McCloud,* supra. In *Currens,* defendant's car was legally parked and no unusual activity was observed by the officer for several minutes before he approached. The common thread of these cases is that the police had a mere

---

* Testimony is conflicting as to whether there are "no parking" signs along the road. Since the court finds that issue not to be dispositive, the court need not decide whether to reopen testimony to consider additional evidence proffered by defendant on the issue.

suspicion of criminal activity, and no other reasonable basis to approach or detain a citizen for questioning. Simply put, the Fourth Amendment to the United States Constitution does not allow police to detain or question citizens for no good reason. Bare suspicion of criminality is not a good reason. To prevent such conduct, the exclusionary rule requires that evidence obtained through such unreasonable conduct not be used.

In contrast, the conduct of the police in this case is the type of behavior which citizens would ordinarily encourage, not discourage. What citizen would not expect, in fact, not demand, that a police officer patrolling the highway stop to investigate a car which has just pulled off to the side of the road at 1:00 a.m.? The officer's decision to investigate a possible disabled motorist was reasonable by any objective standard. Further, given the hour and remoteness of the location, it was reasonable for the officers to ask defendant to step out of the car for their own safety. Any intrusion upon defendant's privacy or freedom is minimal under these circumstances, see: *Berkemee v McCarthy,* 468 U.S. 420 (1984). There is also nothing in the record to suggest that defendant was not free to leave. Thus, under the facts of this case, a founded suspicion of criminal activity was not necessary, because the confrontation by the police was not a "seizure" but a "permissible police encounter." See *Lightbourne v State,* 438 So.2d 380 (Fla. 1983); cert. den. 104 S. Ct. 1330, 79 L.Ed 2d 725 (Fla. 1984); *JCW, A Child v State,* 14 FLW 943 (Fla. 1st DCA April 14, 1989). *State v Manchey,* 14 FLW 833 (Fla 4th DCA April 5, 1989); *Sommer v State,* 465 So.2d 1339 (Fla. 5th DCA 1985);

Based on the foregoing authorities,

It is,

ORDERED AND ADJUDGED that defendant's motion to suppress is hereby denied.

DONE AND ORDERED this 29th day of June, 1989.