GERSTEN, Judge.
The State appeals from an order granting a motion to suppress evidence which was seized during a traffic stop. We affirm.
The salient scene starts in a rather somnolent setting. Jorge Enrique Castillo, the appellee, did nothing afield of the mundane. He did nothing to alert, call attention to, or otherwise arouse suspicion of anyone, let alone law enforcement. Appel-lee evoked such little suspicion that the State conceded, both at the trial level and here, that there was no articulable suspicion to support any stop of appellee. The State instead asserts this was a consensual search and seizure.
Appellee was driving along, observing all traffic laws, when detectives pulled alongside of his car. They flashed their police identification from the window of their unmarked car, and pulled appellee over, ostensibly wanting to talk to him. After detaining appellee, and retaining his license, they had his passenger exit the car. One of the officers asked appellee if he could search the car, and appellee responded, “Yes.” Appellee testified before the trial court that he was not advised he had a right to refuse consent to the search. Predicated upon appellee’s supposed consent, the officers searched the passenger compartment for weapons and then took his keys and searched his trunk. Inside his trunk, inside a bag, the police found containers of cocaine.
In its terse yet impactful order, the trial court concluded that based upon the testimony of the police officers and the appel-lee, “the defendant was seized.” Further, that “[a]ny subsequent consent to a search under these circumstances was tainted by the illegal detention.” The trial court specifically considered this court’s decision in State v. Gribeiro, 513 So.2d 1323 (Fla. 3d DCA 1987), in making its findings.
The State apparently urges this court to turn an invalid traffic stop, where con-cededly there was no articulable suspicion for the stop, into a permissible encounter, which, in turn, brought about a supposed consensual search. We cannot succumb to the State’s position.
Clearly, case law continues to develop new channels into the area of permissible encounters. See, e.g., State v. Davis, 543 So.2d 375 (Fla. 3d DCA 1989). This case, however, falls short of that characterization. The Constitution is much too precious a document, and the carefully spawned case law on search and seizure too much a judicial labor of love, to allow the evisceration of either.
In McClain v. State, 408 So.2d 721 (Fla. 1st DCA), review dismissed, 415 So.2d 1361 (Fla.1982), our sister court succinctly addressed encounters which call up the protection of the Fourth Amendment. “The detention of a citizen does not take on constitutional dimension unless ‘in view of all the circumstances surrounding the incident, a reasonable person would have believed he was not free to leave.’ ” *967 McClain, 408 So.2d at 722 (quoting United States v. Mendenhall, 446 U.S. 544, 578, 100 S.Ct. 1870, 1889, 64 L.Ed.2d 497, 524 (1980)).,
In McClain, the court found there was a seizure without a reasonable suspicion— well-founded, articulable, and based on objective facts — that the defendant was involved in criminal activity. The court went on to hold that more than a bare suspicion of criminal activity is required to justify the stop and subsequent search. McClain, 408 So.2d at 722.
A strikingly similar case is State v. Butler, 520 So.2d 325 (Fla. 3d DCA 1988). In Butler, officers stopped a vehicle although no traffic violations were observed. The trial court in that case concluded that the State failed to meet its burden to demonstrate the existence of “specific and articu-lable facts, which, taken together with rational inferences from those facts, reasonably warranted the stop of defendant’s van].” Butler, 520 So.2d at 326 (quoting Terry v. Ohio, 392 U.S. 1, 21, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906 (1968) (bracketed language supplied by Butler). “[W]hen consent is obtained after illegal police activity such as an illegal search or arrest, the unlawful police action presumptively taints and renders involuntary any consent to search.” Butler, 520 So.2d at 326 (quoting Norman v. State, 379 So.2d 643, 646-47 (Fla.1980)); accord Bailey v. State, 319 So.2d 22 (Fla.1975).
The State argued in Butler, that the defendant was advised of his right to refuse consent to the search. The State further contended that since the defendant consented to such search, that any taint which may have arisen from the unlawful stop was, as a matter of law, dissipated. This court affirmed the trial court’s order granting defendant’s motion to suppress evidence and statements, finding that the record was “scanty” and at best provided “conflicting testimony” regarding whether defendant was advised he had a right to refuse consent. State v. Butler, 520 So.2d at 326.
In the instant case the State advances the identical argument that it made in Butler. Like in Butler, the testimony was conflicting regarding whether the appellee was advised he had a right to refuse con-< sent. We are unpersuaded by the State’s argument in light of the trial court’s order and our review of the evidence before the trial court. We find, therefore, that even though appellee gave his consent to search, it was merely a reflexive submission to apparent authority, which was from its inception, impermissible.
The trial court’s ruling on a motion to suppress is presumptively correct, and an appellate court should interpret the evidence and reasonable inferences in a manner most favorable to the court’s ruling. Johnson v. State, 438 So.2d 774, 776 (Fla.1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1329, 79 L.Ed.2d 724 (1984).
Therefore, we affirm.