# STATE OF FLORIDA v CARLISLE
## Case No. 90-4305-CT
County Court, St. Lucie County

November 8, 1990

### APPEARANCES OF COUNSEL

**Keith Pickering, Esquire,** Assistant State Attorney, for plaintiff.

**Osborne Walker O'Quinn, Esquire,** for defendant.

### OPINION OF THE COURT

THOMAS J. WALSH, JR., County Judge.

*ORDER GRANTING AMENDED MOTION TO SUPPRESS*

THIS CAUSE came on for hearing on the Defendant's Amended Motion to Suppress all evidence gathered as a result of an illegal stop.

The Defendant was arrested for DUI, a violation of Florida Statute

316.193 (1989) and obstructing traffic in violation of Florida Statute 316.2035 (1989).

The State presented the testimony of the arresting officer who stated that he first observed the Defendant's automobile stopped in the right-hand lane of U.S. #1, a four-lane street, at approximately 10:00 P.M. At that time there were no automobiles blocked by the Defendant's vehicle. The Defendant was talking to a female who was known to the officer to be a prostitute.

The officer testified there was traffic in the left lane which would have required him to wait a few seconds to pull around and pass the Defendant's vehicle if he had so chosen. Instead, the officer activated his emergency lights and the Defendant pulled into a gas station where the police officer effected a stop for obstructing traffic.

A review of this statute reveals that the facts surrounding this stop probably would not have supported a conviction under the infraction. While the police officer testified that he would have stopped the Defendant's vehicle even if he were not conversing with the "prostitute", he also states that he had never before issued a citation for the above infraction.

The test for whether a stop is permissible and not pretextual is whether a reasonable officer *would* have made the seizure in the absence of an illegitimate motivation. *U.S. v Miller* 821 F.2d 546 (11th Cir. Fla., 1987); *U.S. v Smith,* 799 F.2d 704 (11th Cir. Fla., 1986). The officer's testimony that he had never given a citation for obstructing traffic coupled with the officer's observation that the person talking to the Defendant was a "known prostitute" leads the Court to believe that, but for the fact the Defendant was talking to the prostitute, the officer would most probably not have stopped the Defendant for obstructing traffic. The State has failed to show that, under the facts and circumstances, the officer would have stopped the Defendant's vehicle solely for obstructing traffic.

Clearly, the police officer had a good faith belief that the Defendant might be involved in illegal activities when he observed his vehicle stopped while he made conversation with a "known prostitute". However, this did not rise to a well-founded, reasonable suspicion based upon objective, specific articulable facts. *Weems v State,* 492 SO.2d 1139 (Fla. 1st DCA 1986).

Consequently, the stop and all evidence gathered as a result of the stop, including, but not necessarily limited to, intoxilyzer results, Defendant's statements, physical test results, officer's observations and

the video tape of the Defendant, must be suppressed. *Lewis v State,* 382 So.2d 1249 (Fla. 5th DCA 1980). It is thereupon

ORDERED AND ADJUDGED that the stop of and subsequent arrest of the Defendant under the circumstances as set forth herein was pretextual and, consequently, illegal. It is further

ORDERED AND ADJUDGED that the Defendant's Motion to Suppress all evidence gathered as a result of the stop of the Defendant shall be and it is hereby suppressed and ruled inadmissible at any proceedings in this cause.

DONE AND ORDERED at Fort Pierce, St. Lucie County, Florida, on this 8th day of November, 1990.