PER CURIAM.
We affirm the final judgment of delinquency and disposition thereon for unlawful possession of cocaine based on a holding that the trial court properly denied the respondent C.J.’s motion to suppress. Although the evidence below is somewhat in conflict, the trial court was privileged to find that (1) the respondent dropped a plastic bag of cocaine to the ground as two police officers approached the respondent and his companion in the outside stairwell of an apartment building, and (2) neither officer gave any order to the respondent prior to the discard of the plastic bag of cocaine; indeed, this was the precise testimony of officer Rickey Rivero. McNamara v. State, 357 So.2d 410, 412 (Fla.1978); State v. Butler, 520 So.2d 325, 326 (Fla. 3d DCA 1988). This being so, it is plain that no police seizure of the respondent was effected prior to the discard of the subject cocaine, see Michigan v. Chesternut, 486 U.S. 567, 108 S.Ct. 1975, 100 L.Ed.2d 565 (1988); that the said discard was a voluntary abandonment of a property which was in no way tainted by any prior illegal police conduct, much less a prior illegal search of the defendant which *422 is required in order for the subject abandonment to be tainted, see State v. Oliver, 368 So.2d 1331 (Fla. 3d DCA 1979), cert. dismissed, 383 So.2d 1200 (Fla.1980); and that, accordingly, the police seizure of the voluntarily abandoned cocaine prior to any arrest or seizure of the respondent did not invade the respondent's reasonable expectation of privacy and therefore did not violate, as urged, the respondent’s Fourth Amendment rights.
Affirmed.