ON REHEARING
PER CURIAM.
The petition for rehearing is denied.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting.
Appellant has called our attention to one of our own previous decisions which I agree appears to conflict with our holding herein. In Currens v. State, 363 So.2d 1116 (Fla. 4th DCA 1978), this court stated:
At approximately 1:30 A.M., a police officer observed a sports car, legally parked, with the windows closed and engine off. The car contained three occupants, including appellant. After passing the car, the officer stationed himself at a vantage point where he could observe the car for approximately three to four minutes. Seeing no unusual activity, the officer drove his motorcycle up to and adjacent with the car at which point the appellant, noticing the officer, make a quick motion with his hand between his legs. Appellant was ordered out of his vehicle and upon exiting same the officer observed what appeared to be marijuana on the floor of the vehicle. Appellant was arrested for possession of marijuana which was seized pursuant to the arrest.
We find that under these circumstances the officer did not have a sufficient reason for ordering appellant to leave his vehicle. The officer could investigate appellant’s presence in the legally parked vehicle only if he had “a founded or reasonable suspicion which requires further investigation to determine whether its [the car’s] occupants have committed, are committing, or are about to commit a crime.” Lower v. State, 348 So.2d 410 (Fla. 2d DCA 1977). Having observed the vehicle for approximately three to four minutes and seeing no suspicious activity, the officer had no reason to approach the vehicle or its occupants. Upon the officer’s arrival, appellant’s quick movement of his hand between his legs did not, in and of itself, constitute such a founded or reasonable suspicion, nor did it constitute *623 probable cause to enable the officer to order appellant out of his car for the purpose of conducting an investigation. There was no indication that appellant was involved in any criminal activity, nor was there any reason to believe that the safety of the officer or the public was endangered.
(Emphasis supplied).