329 So.2d 427 (1976)
Stephen Joseph MARUCA et al., Appellants,
v.
The STATE of Florida, Appellee.
No. 75-878.
District Court of Appeal of Florida, Third District.
April 6, 1976.
*428 Varon, Stahl & Kay, Hollywood, for appellants.
Robert L. Shevin, Atty. Gen. and Ira Loewy, Asst. Atty. Gen., and Steven D. Ginsburg, Legal Intern, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
An information was filed charging Stephen Joseph Maruca, Joseph Nunze Marrow and Harry Williams Roth in Count One with conspiracy to commit breaking and entering a building and grand larceny; in Count II with attempted breaking and entering a building; and in Count III with possession of burglary tools. The defendants were tried without a jury and found guilty as charged on all counts of the information. Each defendant was sentenced to concurrent five year terms in the state penitentiary on each of the three counts.
The evidence showed that on January 15, 1975, at approximately 8:15 p.m., Glen Lehman, a North Miami Beach fireman, while returning from a call, observed two men standing at the door of a closed and darkened stamp and coin store located in the area of 163rd Street and 18th Court, "doing something with the lock." He observed a third man "standing down the street just a little ways from the doorway, you know, looking around just walking a little bit and looking in different directions." Lehman stopped by the North Miami Beach police station to report the possibility that the men were breaking in. He identified the three men as all wearing jackets and he stated that one of the men was white, but he was unable to see whether the other two were white or black. The police put out a BOLO (be on the lookout) call and within minutes, Officer Washa arrived at the scene. He stopped the three defendants, who were wearing jackets, near the stamp store and asked what they were doing. They claimed to be walking around the block. Officer St. Germain arrived shortly thereafter and asked the three men to wait while Officer Washa checked the building. The building check revealed that one of the locks on the stamp store door was missing and that part of it was on the ground. A screwdriver was found near the broken lock. Officer St. Germain, who had been standing with the three men, had found a vice grip which was apparently dropped by Marrow. St. Germain then proceeded to pat down Marrow to see if he had a weapon, and found a radio scanner tuned to the North Miami Beach Police frequency. There was also a pair of golf gloves in Marrow's pocket. Later, when the police searched the cars driven to the area by Marrow and Roth, alleged burglary tools were discovered in both cars.
The defendants moved to suppress the evidence seized as a result of the searches *429 of their persons and of the cars. Following a lengthy hearing, the motion was denied, the cause proceeded to a non-jury trial and all three defendants were found guilty, convicted and sentenced.
The thrust of their appeal is that the trial court erred in denying their motion to suppress because without a description of the alleged attempted burglars, there was no probable cause to arrest these three defendants. If there was no probable cause, then the arrest was illegal, the body search was illegal and the evidence seized therefrom should be suppressed.
As stated in United States v. Rias, 5th Cir.1975, 524 F.2d 118, 120-121:
"The courts have recognized the right of a police officer to stop and detain an individual under certain circumstances. E.g., Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); United States v. McCann, 465 F.2d 147 (5th Cir.1972), cert. denied sub nom., Kelly v. United States, 412 U.S. 927, 93 S.Ct. 2747, 37 L.Ed.2d 154 (1973). The circumstances required to justify such action, however, must be sufficient to enable a police officer reasonably to suspect that the particular individual is involved in criminal activity. United States v. McCann, supra, at 158; see Terry v. Ohio, supra, 392 U.S. at 30, 88 S.Ct. 1868, 20 L.Ed.2d at 911. In Adams, the Court stated: `A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time.' 407 U.S. at 146, 92 S.Ct. at 1923, 32 L.Ed.2d at 617... ."
In our opinion, the facts known to the officers at the time Officer Washa stopped the defendants and St. Germain arrived on the scene, were sufficient to warrant the conclusion that these three men were involved in criminal activity. Compare the facts sub judice with those in United States v. Rias, supra.
Thus, with grounds sufficient for suspicion, the officers had cause to stop the men. Therefore, the search was legal and the fruits thereof were not subject to a motion to suppress. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441. Accordingly, the convictions are affirmed.
The remaining points on appeal will not be discussed as they are without merit.
Affirmed.