PER CURIAM.
Andrew Holland Williams was charged by information with four counts of robbery and with unlawful possession of a firearm while engaged in a criminal offense. The firearm possession charge and one robbery count were abandoned by the State. At trial, the jury rendered verdicts of guilty on the three counts of robbery. The trial court adjudicated Williams guilty and sentenced him to three concurrent terms of fifteen years in the state penitentiary, ten years to be served and five to be stayed and withheld and the defendant placed on probation.
The record reflects that on September 16, 1974, a supermarket on South Dixie Highway was robbed by three black males, one wearing a green shirt, and the other two wearing maroon or maroon flowered shirts. The men had been armed with pistols and a shotgun. A BOLO (be on the lookout) radio alert was issued. Sergeant Green of the Dade County Public Safety Department heard the BOLO as he was driving his patrol car on South Dixie Highway a few miles from the scene of the robbery. He *914 observed a car carrying three men fitting the description given in the BOLO. Defendant Williams was one of the passengers. Sergeant Green stopped the car, and then Officer Callahan, also of the Public Safety Department, arrived in response to a request by Green. When one of the suspects asked to get some cigarettes from the car, Officer Callahan accompanied him back to the car, and observed the butt end of a firearm sticking out from under the seat on the floorboard area of the car. He reached down and pulled out a short barrelled shotgun. Officer Callahan testified that from his experience, the combination of the sawed off shotgun together with the BOLO gave him cause to believe that more contraband was in the vehicle. He placed the suspects under arrest for possession of illegal firearms, then searched the suspects and the car and found two revolvers, a billy club and a brown paper bag filled with money.
Williams filed a pretrial motion to suppress the evidence seized in the search of the car. The trial judge denied the motion and stated as grounds that: (1) the initial stop pursuant to the BOLO was an aspect of temporary detention under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); (2) the seizure of the shotgun fell under the plain view doctrine; and (3) the seizure of the gun coupled with the circumstances and the knowledge of the officers gave probable cause to search the car under the Carroll doctrine.[1] At trial, the objects seized from the car were admitted into evidence over defense counsel’s objection. At the close of the State’s case, defense counsel moved for a judgment of acquittal alleging as grounds that the State had failed to prove a prima facie case. The motion was denied. Subsequent to the defense resting, counsel renewed the motion for judgment of acquittal on the same grounds as those previously raised, and the court again denied the motion.
On a motion to suppress evidence, the trial judge is trier of both law and fact. His conclusions come to this court clothed with a presumption of correctness, and in testing the accuracy of his conclusions on questions of fact, we should interpret the evidence and all reasonable inferences and deductions capable of being drawn therefrom, in the light most favorable to those conclusions. Cameron v. State, 112 So.2d 864, 869 (Fla. 1st DCA 1959); Rodriquez v. State, 189 So.2d 656, 660 (Fla. 3rd DCA 1966).
The pivotal question on this appeal is whether the arresting officers had sufficient probable cause to stop and detain the defendant and his two companions. The applicable rule was recently recited by this court in Maruca v. State, 329 So.2d 427 (Fla. 3rd DCA 1976), quoting from United States v. Rias, 524 F.2d 118, 120-121 (5th Cir. 1975), and is paraphrased as follows: The courts recognize a police officer’s right to stop and detain an individual under certain circumstances; such circumstances must be sufficient to enable the officer reasonably to suspect that the particular individual is involved in criminal activity; a stop of a suspicious individual may be most reasonable in light of the facts known to the officer at the time. In Maruca, supra, where the facts known to the police officer at the time the suspects were initially stopped were sufficient to warrant a conclusion that the defendants were involved in criminal activity, the officer had cause to stop the defendant; the search conducted after the officers discovered further evidence was legal, and the fruits thereof were not subject to a motion to suppress.
In our opinion, in light of the facts known to the officers at the time, the initial stop of defendant and his two companions was reasonable. The information known to Green at the time was sufficient for him to reasonably suspect that these three men had just been involved in criminal activity. He knew that an armed robbery had occurred only minutes before at a supermarket located only a few miles north on the same road and only a few minutes away. He also had a description of the suspects *915 and their clothing. Certainly, a brief stop of the vehicle, in order to maintain the status quo while obtaining more information, was reasonable. As in Maruea, supra, the officer’s suspicions, based on the BOLO and other facts known to the officer were reasonable.
Accordingly, we find no error demonstrated on this appeal, and we affirm.
Affirmed.

. Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925).