341 So.2d 238 (1976)
Leo CONEY and Robert Laster, Appellants,
v.
The STATE of Florida, Appellee.
No. 76-542.
District Court of Appeal of Florida, Third District.
December 23, 1976.
*239 Phillip A. Hubbart, Public Defender and Julian S. Mack, Asst. Public Defender, for appellants.
Robert L. Shevin, Atty. Gen., and Arthur Joel Berger, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Defendants, Leo Coney and Robert Laster, were convicted on several counts of burglary and grand larceny and appeal on the ground that the trial judge erred in denying their motion to suppress the evidence seized.
On November 24, 1975, following on investigation of several burglaries including a burglary 10 days earlier at the home of Officer Ferenzic in the same area, Officer Methvin received a BOLO to be on the lookout for a white 1968 vehicle, possibly a Chevrolet, with numerous rust spots bearing a temporary Florida tag and occupied by two black males, one of whom was wearing a hat and had a goatee. Several hours later Officer Methvin spotted a car and its occupants (the defendants) who fitted the above description (except as to the make of the car) and advised Officer Ferenzic over the radio of this fact. On Officer Ferenzic's advice, Officer Methvin pulled the car over and requested some identification. Within minutes Officer Ferenzic was on the scene and recognized in the back of the car a digital clock radio stolen from his home. Thereupon, the defendants were placed under arrest. Subsequently, defendants filed a motion to suppress the evidence seized from the automobile on the grounds that their initial detention was unjustified and illegal; therefore, the evidence seized as a result thereof was inadmissible. After an evidentiary hearing, the trial judge denied the motion and defendants appeal the order of denial. We affirm.
The courts have long recognized the right of a police officer to briefly stop and detain a suspicious individual to determine his identity or to maintain the status quo momentarily while obtaining more information. See Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). In light of the information known to Officer Methvin at the time, we conclude that his detention of the defendants was reasonable. See Adams v. State, 295 So.2d 114 (Fla.2d DCA 1974); Maruca v. State, 329 So.2d 427 (Fla.3d DCA 1976) and cases cited therein.
Affirmed.