374 So.2d 83 (1979)
Albert MYLES, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-2137.
District Court of Appeal of Florida, Third District.
July 31, 1979.
Rehearing Denied September 5, 1979.
*84 Engel, Aronson, Fried & Cohn and Don S. Cohn, Miami, for appellant.
Jim Smith, Atty. Gen., and Susan C. Minor, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and BARKDULL, JJ.
BARKDULL, judge.
Albert Myles, whom the court found guilty of possession of cocaine, appeals his conviction seeking review of the denial of a motion to suppress.
Two detectives, Wolfe and Dazevedo, observed Myles in a ticket line at the Miami airport. Myles "stood out" because he was nervous and agitated. One of the officers moved in to overhear the conversation between Myles and the ticket agent. Myles told the ticket agent that he had to catch this certain flight so that he would not be AWOL. When the ticket agent asked for military identification (for the reduced rate available to military personnel), Myles did not have any.
The detectives then stopped the defendant and asked if they could see some identification. The defendant (when he asked what the stop was about) was told that the officers were puzzled about the inconsistencies of his explanation about his being in the military. The defendant told them he was not in the military and showed them a Florida driver's license and his airline ticket. The defendant's person and purse were searched with his consent, but the detectives found nothing. They then asked the defendant if he had any objections to the search of his baggage; he said he had none, but there was nothing there and if his bags were going to be searched he wanted to be there. They all went to the baggage area. The detectives searched the luggage and found a sock with cocaine in it.
We affirm. There was a reasonable suspicion to justify the original stop and, therefore, there was no taint to the consent that would make the search illegal. Maruca v. State, 329 So.2d 427 (Fla. 3d DCA 1976); Coney v. State, 341 So.2d 238 (Fla. 3d DCA 1976). See and compare: Husted v. State, 370 So.2d 853 (Fla. 3d DCA 1979).
No error having been found in the denial of the motion to suppress, the judgment of conviction and sentence thereon be and it is hereby affirmed.
Affirmed.