377 So.2d 1006 (1979)
The STATE of Florida, Appellant,
v.
Ralph MITCHELL, Appellee.
No. 79-42.
District Court of Appeal of Florida, Third District.
December 18, 1979.
*1007 Janet Reno, State's Atty. and Theda R. James, Asst. State's Atty., for appellant.
No appearance for appellee.
Before HAVERFIELD, C.J., and HENDRY and SCHWARTZ, JJ.
HAVERFIELD, Chief Judge.
This is an appeal by the State of Florida seeking a review of an order granting a motion to suppress the heroin and cocaine which defendant Mitchell was charged with possessing and transporting into the state. The trial court found that Mitchell did not voluntarily and freely consent to the search of his baggage but merely submitted to police authority and further being in a custodial position in relation to the police, he should have been given his Miranda warnings. We reverse.
The relevant facts are as follows:
Officer William Pearson is the supervisor of the Narcotics Investigation Unit of the Dade County Public Safety Department which operates out of the Miami International Airport. This unit was formed to apprehend drug violators operating in and through the airport. Potential drug violators are evaluated on the basis of information provided by other police agencies, informants, and observations of persons who exhibit certain suspicious characteristics and/or behavior as outlined in a "drug courier profile".
On June 29, 1978, Pearson received a call from the Los Angeles Sheriff's Department and was informed that a black male traveling under the assumed name of Willis Mitchell (his real name was Ralph Mitchell) would be arriving in Miami aboard National Airlines Flight 54. Mitchell was dropped off at the Los Angeles airport by a known drug trafficker whose telephone number Mitchell had given to the airline as a call back number. Pearson and two other detectives proceeded to the airport to await the arrival of Mitchell's flight. After the plane arrived, Mitchell disembarked and the three officers joined by a fourth officer who was also aboard the same plane followed him to the baggage claim area. Mitchell *1008 claimed a suitbag and a large suitcase at which time Pearson and one of the other officers approached him and asked to see his airline ticket and some identification. Mitchell showed them his ticket and driver's license and when questioned as to the discrepancy in first names replied the airline must have made a mistake. Pearson then asked Mitchell if he would have any objection to giving his consent to search his luggage and advised him that he had a right to refuse. Mitchell agreed and on the suggestion of Pearson moved his luggage to a less crowded section of the baggage area. Pearson upon examining the suitcase discovered it was locked. He asked Mitchell for a key and Mitchell readily produced one. After opening the suitcase, Pearson found inside a briefcase which he asked Mitchell permission to search. Mitchell was again advised that he had the right to refuse. Mitchell gave his permission for Pearson to force open the case because he did not have a key. Upon opening the case, Pearson found what he believed to be cocaine and then placed Mitchell under arrest and advised him of his Miranda rights. As a result, Mitchell was charged with two counts of possession of a controlled substance and two counts of bringing into the state a controlled substance. Mitchell moved to suppress the evidence on the ground that the officers lacked probable cause to stop and search him. At the suppression hearing, only Officer Pearson testified. At the conclusion, the trial judge relying upon U.S. v. Ballard, 573 F.2d 913 (5th Cir.1978), granted the motion to suppress for the reason that Mitchell's consent to search was not freely or voluntarily given. The State appeals.
The dispositive issue is whether after the "stop" in the instant case, the prosecution proved that Mitchell freely and voluntarily gave his consent to search his luggage. When trying to establish that there was a voluntary consent, the prosecution has an easier burden in establishing such consent after a permissible stop in contrast to after an illegal stop. See U.S. v. Ballard, 573 F.2d 913, 916 (5th Cir.1978), supra.
The law is well established that a police officer may make an investigative stop if he has a "founded suspicion" that an individual is involved in criminal activity. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); U.S. v. Brignoni-Ponce, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975). Further, while the drug courier profile by itself provides no probable cause to arrest an individual, a set of facts may arise in which the existence of certain profile characteristics constitutes reasonable suspicion to warrant the intrusion of an investigative stop. U.S. v. McCaleb, 552 F.2d 717, 720 (6th Cir.1977).[1]
In the case at bar, the facts and reasonable inferences therefrom known to Officer Pearson warranted the intrusion of an investigatory stop. In addition to conforming to the characteristics of the drug courier profile, Officer Pearson was first alerted about Mitchell from a reliable source, a detective from the Los Angeles County Sheriff's Department. Further, Mitchell was seen in the company of a known drug trafficker who dropped him off at the Los Angeles airport and whose telephone number Mitchell had given to the airline as a call back number. Last, Pearson knew exactly which flight he was arriving on. Pearson having a sufficient "founded suspicion" that Mitchell was engaged in criminal activity, the subsequent investigative stop of Mitchell was permissible. Therefore, no presumption arises that Mitchell's consent was tainted in that there was no impermissible restraint. Cf. the converse in State v. Frost, 374 So.2d 593, 596 (Fla.3d DCA 1979). We then can only conclude that the trial judge's reliance upon U.S. v. Ballard, 573 F.2d 913 (5th Cir.1978), supra, wherein the court held there was an illegal stop and finding based thereon that Mitchell's consent was not freely and voluntarily given is erroneous. The testimony of Officer Pearson (the only witness at the hearing) adequately demonstrated that Mitchell freely consented to a *1009 search of his luggage although Pearson had advised him that he had the right to refuse. There was no testimony to the contrary. Accordingly, the order granting the motion to suppress is reversed and the cause remanded to the trial court for further proceedings.
Reversed and remanded.
NOTES
[1] See also State v. Frost, 374 So.2d 593, 596 note 4 (Fla.3d DCA 1979).