389 So.2d 279 (1980)
Leland Wayne HARPOLD and Thomas Hinz, Appellants,
v.
The STATE of Florida, Appellee.
No. 79-712.
District Court of Appeal of Florida, Third District.
October 7, 1980.
Rehearing Denied November 7, 1980.
*280 Miskin & Febles and Stuart R. Miskin, Miami, for appellants.
Jim Smith, Atty. Gen., and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before SCHWARTZ and DANIEL S. PEARSON, JJ., and VANN, HAROLD R. (Ret.), Associate Judge.
DANIEL S. PEARSON, Judge.
We affirm the judgments of conviction upon a holding that (1) the police acted with founded suspicion in stopping the defendants outside of the Miami International Airport Terminal, see State v. Mitchell, 377 So.2d 1006 (Fla.3d DCA 1979); State v. Battleman, 374 So.2d 636 (Fla.3d DCA 1979); Myles v. State, 374 So.2d 83 (Fla.3d DCA 1979); and thus the sniff of the gray molded suitcase[1] by an officer's dog during this stop was not tainted by any prior illegality; (2) the dog sniff itself was not a search requiring a showing of probable cause, United States v. Chadwick, 433 U.S. 1, 13, 97 S.Ct. 2476, 2485, 53 L.Ed.2d 538, 550, n. 8 (1977); State v. Goodley, 381 So.2d 1180 (Fla.3d DCA 1980); Mata v. State, 380 So.2d 1157 (Fla.3d DCA 1980); United States v. Sullivan, 625 F.2d 9 (4th Cir.1980); United States v. Bronstein, 521 F.2d 459 (2d Cir.1975), cert. denied, 424 U.S. 918, 98 S.Ct. 1121, 47 L.Ed.2d 324 (1976), and the positive alert given by the concededly qualified dog provided the necessary probable cause required for the search of this suitcase pursuant to a warrant *281 thereafter obtained, State v. Goodley, supra; and (3) notwithstanding that the trial court denied the defendants' suppression motion on a finding that the confrontation between the police officers and the defendants was a mere encounter or contact, not requiring founded suspicion, see State v. Price, 363 So.2d 1102 (Fla.2d DCA 1978); United States v. Wylie, 569 F.2d 62 (D.C. Cir.1977), cert. denied, 435 U.S. 944, 98 S.Ct. 1527, 55 L.Ed.2d 542 (1978), the ruling will be upheld for the reasons stated in this opinion, see, Postell v. State, 383 So.2d 1159 (Fla.3d DCA 1980).[2]
Affirmed.
NOTES
[1] Only this gray molded suitcase contained contraband. Hinz (already under surveillance) removed it from the baggage carousel when the defendants arrived in Miami from Detroit earlier in the day. It remained with Hinz in the waiting taxicab when Harpold paid a quick visit to a Holiday Inn. It remained with Hinz when the taxicab dropped Harpold at the Arrowhead Hotel. Hinz took it with him into a residence where he remained for about five hours. Hinz exited the residence with the suitcase when Harpold picked him up in another cab for their return trip to the airport. It was Hinz who carried the suitcase towards the airport when the defendants met up with the police officer. The undisputed testimony is that Harpold was never seen in possession of this suitcase. We do not, however, concern ourselves with the fact that although the dog sniff provided probable cause for the arrest of Hinz and the seizure of the suitcase, no probable cause existed for the arrest of Harpold. Harpold's luggage was searched after his arrest, but no contraband was found therein.

Harpold's lack of possession became the subject of a sworn motion to dismiss, which, however, Harpold later abandoned. After the trial court denied the motion to suppress, both defendants entered nolo contendere pleas, reserving only the right to appeal the suppression ruling. By his nolo contendere plea, Harpold conceded the charge in the information that he possessed (presumably, constructively) the contraband found in the suitcase.
[2] Our holding assumes, without deciding, that a stop occurred. The trial court based its mere encounter finding on the following evidence. Hinz approached the police officer, who was walking towards the terminal. Hinz engaged him in conversation about the officer's dog. Hinz claimed he raised dogs, knew quite a bit about them, and commented on the beauty of the dog as the officer, dog and the two defendants walked along. They continued to chat innocuously until they reached the terminal sidewalk where the officer identified himself, showed the defendants his badge, and asked them "would they mind showing [him] some identification?" The defendants handed the officer their drivers' licenses, and within seconds, the dog gave a positive alert to the presence of narcotics within the suitcase Hinz had set down.