390 So.2d 469 (1980)
The STATE of Florida, Appellant,
v.
James Robert FOSTER, Appellee.
No. 79-1220.
District Court of Appeal of Florida, Third District.
November 25, 1980.
Janet Reno, State Atty., for appellant.
Thomas G. Murray and Carl L. Mastzal, Miami, for appellee.
Before BARKDULL, HENDRY and SCHWARTZ, JJ.
HENDRY, Judge.
Appellee Foster was arrested at Miami International Airport, based upon an "alert" on his suitcase by Le Dur, Detective D'Azevedo's canine companion trained in the detection of illegal drugs. Upon Foster's consent, the suitcase was opened, and a plastic bag was discovered which was thought to contain cocaine, although the contents later proved to be lactose; additionally, a small quantity of marijuana was later determined to have been in the bag. A subsequent search of Foster's person revealed a bag of cocaine in each sock.[1] The state appeals from a suppression order. We reverse.
In general, a trained narcotics dog's "alert" on luggage constitutes probable cause for a subsequent arrest. Harpold v. State, 389 So.2d 279 (1980); State v. Goodley, *470 381 So.2d 1180 (Fla. 3d DCA 1980). Whether, in this particular case, Le Dur's "alert" furnished probable cause for Foster's arrest depends upon several factors succinctly gathered at 13 San Diego L.Rev. 410, 416-17 (1976):
the exact training the detector dog has received; the standards or criteria employed in selecting dogs for marijuana detection training; the standards the dog was required to meet to successfully complete his training program; the "track record" of the dog up until the search (emphasis must be placed on the amount of false alerts or mistakes the dog has furnished).
Six trial courts for the eleventh circuit have previously recognized Le Dur's olfactory capacities, generally in light of the criteria enumerated above, as capable of conferring probable cause for arrest-not including Judge Tanksley's court, sub judice. Refusal to embrace the findings of other courts regarding Le Dur's qualifications was certainly within the prerogative of the trial court; however, refusal to accept those findings does not necessarily render the subsequent arrest invalid. The question is whether the state was able to present evidence regarding Le Dur's abilities sufficient to have constituted probable cause-and thereby to justify the warrantless arrest, and body search incident thereto.
On our review of the hearing transcript, we find that the state met that burden. On direct examination of Detective D'Azevedo, the prosecutor elicited the following facts: 1) That D'Azevedo and Le Dur initially spent approximately one hundred training and practice hours working as a team; 2) That Le Dur's training with D'Azevedo involved in excess of three hundred "alerts"; 3) That Le Dur's "alert" is readily distinguishable from other signs of interest not necessarily reflecting the presence of narcotics; 4) That Le Dur was capable of "alerting" to amounts of marijuana considerably smaller than those involved sub judice; 5) That Le Dur "alerts" to heroin, cocaine, marijuana and its derivatives, and hashish, and nothing else; 6) That Le Dur has never "alerted" falsely; 7) That Le Dur has been tested on, and demonstrably does not "alert" to, lactose; 8) That, in a properly administered test, Le Dur alerted to Foster's suitcase.
Since we find that the arrest was valid, because based on probable cause conferred by Le Dur's "alert" on Foster's bag, we hold that the discovery of cocaine on Foster's person was validly made, as a search incident to arrest.
Since Foster was charged with possession of cocaine found on his person, and not in the bag, and since he was not charged with possession of the slight quantity of marijuana found in the bag; and since probable cause for his arrest, which ultimately justified the body search, did not rest upon the search of the bag, we do not consider the validity vel non of the search of the bag, or the consent thereto.
Reversed.
SCHWARTZ, J., concurs in the conclusion only.
NOTES
[1] Apparently, the dog alerted on the marijuana later found in the suitcase. After the bag of supposed cocaine was found in the suitcase, and before it was tested (with negative result), the bags of cocaine were discovered on Foster's person in a search incident to arrest.