395 So.2d 1199 (1981)
Paul Turner VETTER, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-500.
District Court of Appeal of Florida, Third District.
March 10, 1981.
Rehearing Denied April 14, 1981.
Weiner, Robbins, Tunkey & Ross and Ronald A. Dion and Jeffrey S. Weiner, Miami, for appellant.
Jim Smith, Atty. Gen. and Calvin L. Fox, Asst. Atty. Gen., for appellee.
Before HENDRY, NESBITT and FERGUSON, JJ.
HENDRY, Judge.
Appellant Vetter was arrested at Miami International Airport when the narcotics dog Ringo indicated, by positive alert, the presence of a controlled substance within appellant's briefcase. A warrant for search of the brief case was issued upon probable cause based on the dog's alert, and cocaine was discovered.
Both sides submitted to the court written (and widely divergent) versions of events leading up to the dog sniff, which bear upon the issues of an illegal stop (vel non) *1200 and appellant's purported consent. At pretrial hearing, appellant alleged in addition that the affidavit for warrant contained material misrepresentations concerning the dog Ringo; the affidavit stated:
The narcotics detection dog "Ringo" is specially trained in the detection of heroin, cocaine, marijuana, hashish and all of their derivatives. "Ringo" has positively alerted on thirteen consecutive occasions for substances which were subsequently verified to be controlled substances. At no time has Ringo alerted falsely.
Appellant claimed that Ringo's training, or lack thereof, does not give his alerts that quantum of reliability necessary to constitute probable cause. Two experts in the canine training field testified for appellant to the effect that Ringo's training regimen, and his work routine, precluded an objective demonstration of reliability. Moreover, appellant challenged the veracity of the statements regarding the thirteen consecutive alerts, and the dog's perfect record.
Initially, we examine the affidavit.
Our analysis begins with the rule of Franks v. Delaware, 438 U.S. 154, 155-56, 98 S.Ct. 2674, 2675-76, 57 L.Ed.2d 667, 672 (1978):
[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.
That Ringo was characterized in the affidavit as "trained" was sufficient predicate upon which to issue the search warrant. United States v. Meyer, 536 F.2d 963, 966 (1st Cir.1976); United States v. Painter, 480 F. Supp. 282, 284 (W.D.Mo. 1979); Briscoe v. State, 40 Md. App. 120, 388 A.2d 153, 159 (Ct.Spec.App. 1978); see United States v. Klein, 626 F.2d 22, 27 (7th Cir.1980). However, in the subsequent Franks hearing, the dispositive question became whether use of the term "trained" in the description of the dog was a false statement knowingly or recklessly made. Criteria by which to assess the training a narcotics dog has received are collected in our opinion in State v. Foster, 390 So.2d 469 (Fla.3d DCA) (1980) [1980 FLW 2229] (involving a warrantless search). The trial court was not convinced by appellant's experts that Ringo's training was inadequate to establish his reliability; on this record, where a plea was made to the court, and accepted, before the state put on its case for Ringo's training and general reliability, we will not gainsay the decision of the learned trial judge that appellant did not carry his burden. Appellant's arguments regarding the admissibility of testimony relating to the falsity of other statements contained in the affidavit are similarly unavailing: Since the representation that Ringo was properly trained conferred probable cause standing alone, the truth or falsity of the other statements, which were surplusage, is irrelevant. Franks, supra; Antone v. State, 382 So.2d 1205, 1211 (Fla. 1980).
Finally, regarding the claims surrounding the initial contact, we affirm. Although the court below might have been clearer in its factual determination, we do not accept appellant's claim that the court adopted en toto his version of the facts. To the extent that error was committed, we hold that such was invited; on this record, the presumption of correctness which surrounds the trial court's rulings remains undisturbed.
Affirmed.