409 So.2d 1108 (1982)
Joseph CAVALLUZZI, Appellant,
v.
The STATE of Florida, Appellee.
No. 80-679.
District Court of Appeal of Florida, Third District.
February 2, 1982.
Rehearing Denied March 9, 1982.
*1109 Ronald S. Guralnick, Greene & Cooper and Sharon L. Wolfe, Miami, for appellant.
Jim Smith, Atty. Gen. and Paul Mendelson, Asst. Atty. Gen., for appellee.
Before BASKIN and PEARSON, DANIEL S. and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
We affirm the judgment of conviction entered upon the defendant's nolo contendere plea reserving his right to appeal[1] the denial of his motion to suppress contraband found in an airport search of his suitcase. We hold that (1) no stop (that is, temporary seizure) of Cavalluzzi occurred when the police officers approached him, identified themselves, asked if he would talk to them, and asked to see his airline ticket, State v. Login, 394 So.2d 183 (Fla. 3d DCA 1981); State v. Grant, 392 So.2d 1362 (Fla. 4th DCA 1981); United States v. Fry, 622 F.2d 1218 (5th Cir.1980); see also Schlanger v. State, 397 So.2d 1028 (Fla. 3d DCA 1981), and the observation of the claim check number for the suitcase obtained when Cavalluzzi voluntarily turned over his airline ticket was not tainted by any subsequent illegality[2],[3]; (2) where, as here, the *1110 defendant makes no claim that the time during which his suitcase was removed from the airline's immediate control extended beyond the scheduled departure of his flight so as to constitute an unlawful seizure of the suitcase, State v. Mosier, 392 So.2d 602 (Fla. 3d DCA 1981); see also Young v. State, 394 So.2d 525 (Fla. 3d DCA 1981); compare United States v. West, 495 F. Supp. 871 (D.Mass. 1980) (reasonable suspicion that bag contained narcotics justified "investigative stop" of bag past flight departure time), the police officers' removal without search of Cavalluzzi's luggage from the airline baggage area did not interfere with his reasonable expectation of privacy, State v. Goodley, 381 So.2d 1180 (Fla. 3d DCA 1980),[4] whether the distance of the removal was merely from a cart to the airport floor, see State v. Ricano, 393 So.2d 1136 (Fla. 3d DCA 1981); State v. Mosier, supra, or, as in the present case, from the baggage area to the concourse of the airport[5]; (3) the dog sniff of the suitcase after its removal from the baggage area was not a search, State v. Ricano, supra; State v. Mosier, supra; Harpold v. State, 389 So.2d 279 (Fla. 3d DCA 1980); State v. Goodley, supra, and the dog's "alert" on the suitcase provided probable cause to open it and search its contents, Harpold v. State, supra; State v. Goodley, supra.
Affirmed.
NOTES
[1] It appears that the state and the court understood that the defendant's counsel intended to reserve the right to appeal, although the express reservation does not appear of record. On two occasions after the plea was entered the State and the court remained silent in the face of defendant's counsel's announcement that he had expressly reserved the right to appeal at the time of the plea. By treating the right of appeal as being reserved, and according the defendant the right to appeal, we avoid the corollary problems of the court's failure to advise the defendant when accepting the plea that "he gives up his right to appeal all matters relating to the judgment," Florida Rule of Criminal Procedure 3.172(c)(iv), and the State's failure to comply with the negotiated agreement.
[2] Cavalluzzi's primary argument is that he was "stopped" based on profile characteristics that did not amount to a founded suspicion. Our holding that Cavalluzzi was not stopped makes it unnecessary for us to address this argument.
[3] Before any encounter with the defendant, the officers knew the description of the defendant's luggage, the identity of the airline with which it had been checked, and the fact that the defendant was taking the National flight to Newark. This information may have been sufficient to lead independently to the suitcase without reliance on the claim check number. See State v. Mosier, 392 So.2d 602 (Fla. 3d DCA 1981), and cases cited therein. The record before us, however, is insufficiently developed for us to conclude that the independent source doctrine is applicable.
[4] In State v. Goodley, supra at 1182, this court said: "... a traveler who checks his luggage has no knowledge, and in fact, no real concern as to precisely where his bag may be located within the airline's custody at any given time." We read this as the equivalent of saying that such traveler has no privacy interest which is offended by movement or relocation of his surrendered luggage.
[5] The apparent reason for taking the suitcase to the concourse was to bring it to Cavalluzzi, who, according to the police officers' belief, had consented to a search of the suitcase in his presence. Since after Cavalluzzi gave his consent, he went into shock and passed out, the officers, after bringing the suitcase to the concourse, decided not to rely upon the consent and summoned a narcotics dog. Therefore, we need not discuss the defendant's argument that his consent was invalid.