415 So.2d 796 (1982)
The STATE of Florida, Appellant,
v.
William ROBERTS, Appellee.
No. 81-1830.
District Court of Appeal of Florida, Third District.
June 8, 1982.
Jim Smith, Atty. Gen. and Paul Mendelson, Asst. Atty. Gen., for appellant.
Donald L. Ferguson, Miami, for appellee.
Before HUBBART, C.J., SCHWARTZ, J., and PEARSON, TILLMAN (Ret.), Associate Judge.
SCHWARTZ, Judge.
The state appeals[1] from an order suppressing the quaaludes and cocaine discovered in the defendant's luggage at the Miami Amtrak station upon the execution of a warrant secured after a positive alert by a police narcotics dog.[2] The court found that although Roberts had validly consented to the sniff itself,[3] he had not agreed to the movement of the bags from the platform where he had been stopped to the baggage area where the sniff was actually conducted. We reverse on the ground that upon the defendant's consent to the sniff, cf. Sizemore v. State, 390 So.2d 401 (Fla.3d DCA 1980), review denied, 399 So.2d 1145 (Fla. 1981), the movement from one part of the station to another, which was employed simply to facilitate the process, did not offend his reasonable expectations as to the location of his property[4] and thus did not implicate an interest protected by the *797 fourth amendment. Cavalluzzi v. State, 409 So.2d 1108 (Fla. 3d DCA 1982); State v. Goodley, 381 So.2d 1180 (Fla. 3d DCA 1980).
Reversed.
NOTES
[1] Pursuant to Fla.R.App.P. 9.140(c)(1)(B).
[2] The dispositive findings of the order are as follows.

1. That at the time of the conversation between Officer Robertson McGavock and the Defendant, William Roberts, at the Amtrak Train Station on January 9, 1981, the Defendant had in his possession two pieces of baggage and a briefcase.
2. That although Officer McGavock received a valid consent to subject the Defendant's luggage to a dog "sniff" that consent did not extend to the moving of the luggage.
3. That the Defendant was not present at the time of the search by the Customs dog.
4. That the removal of the bags from the immediate possession of the Defendant by Officer McGavock amounted to a seizure of Defendant's luggage in violation of the Fourth Amendment to the United States Constitution.
[3] We note that while the defendant claims error in this determination, we may not consider the contention in this proceeding either by way of cross-appeal (which the defendant correctly did not file), State v. DeConingh, 396 So.2d 858 (Fla. 3d DCA 1981); State v. Clark, 384 So.2d 687 (Fla. 4th DCA 1980), review denied, 392 So.2d 1372 (Fla. 1980), or as an argument that the trial court was "right for the wrong reason." State v. Pratt, 386 So.2d 1249 (Fla. 4th DCA 1980).
[4] Roberts did not verbally or otherwise affirmatively object to the officer's taking the luggage to the baggage area. Compare, Cavalluzzi v. State, 409 So.2d 1108, 1110, n. 4 (Fla. 3d DCA 1982).