PER CURIAM.
The state appeals from orders which respectively suppressed, on Miranda grounds, statements made by the defendant when he was being transported to the police station from the place of arrest and granted the defendant’s Fla.R.Crim.P. 3.190(c)(4) motion to dismiss charges of possession and trafficking in methaqualone.
Although the arresting officer was the only witness at the hearing, his testimony was in internal self-conflict both as to whether Gutierrez had waived his Miranda rights and whether the admissions now in question were volunteered by the defendant or were the product of subsequent interrogation by the police. Since we cannot interfere with the trial court’s resolution of these conflicts and its implied factual finding that the statements were unauthorizedly secured, e.g., McNamara v. State, 357 So.2d 410 (Fla.1978), the order of suppression is affirmed.
The “(c)(4)” dismissal, however, cannot stand. Even without the suppressed admissions, the defendant’s unsuppressed pre-arrest statement that he was the owner of the tote bag in which the quaaludes were *63 found[1] was alone sufficient to require denial of the sworn motion to dismiss. E.g., State v. Holder, 400 So.2d 162 (Fla. 3d DCA 1981), and cases cited.
Affirmed in part, reversed in part.

. The trial court’s denial of a motion to suppress the contraband itself is not before us for review. See State v. Roberts, 415 So.2d 796 (Fla. 3d DCA 1982).