PER CURIAM.
The defendant was initially observed, by two lav/ enforcement officers, purchasing a *1148 ticket at Miami International Airport. The officers watched him move two extremely heavy pieces of luggage to the baggage well of the ticket counter. The defendant was overheard purchasing a round trip ticket to San Francisco with an open return. He seemed nervous and filled out the baggage identification tags with the name K. Charles leaving the tag void of any address or any other writing. He paid for his ticket in cash. When the defendant left the ticket counter he was stopped by the officers who identified themselves. The officers asked if he would mind talking to them and he said he did not mind. They asked for his identification and he produced a drivers license with the name Kent Charles Taylor. As the parties talked the defendant became increasingly more nervous. When the officers explained their function at the airport and started talking about narcotics the' defendant became so nervous that he sweated profusely to the point that the perspiration dripped off his chin even though it was cool in the airport. When the defendant refused to permit the officers to search his baggage they informed him they would get a dog to sniff it and if he did not alert that would be the end of it. The defendant said he did not mind. Finding that there was an “articula-ble suspicion” for the officers to stop the appellant and incident thereto, to conduct a “dog sniff” of his luggage at the Miami International Airport, we reverse the order granting the motion to suppress the contraband discovered and return the matter to the trial court for further proceedings. State v. Bankston, 435 So.2d 269 (Fla. 3d DCA 1983); State v. Mosier, 392 So.2d 602 (Fla. 3d DCA 1981) on remand 415 So.2d 771 (Fla. 3d DCA 1982); State v. Goodley, 381 So.2d 1180 (Fla. 3d DCA 1980); Mata v. State, 380 So.2d 1157 (Fla. 3d DCA 1980); Florida v. Royer, — U.S. -, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983).
Reversed and remanded.