460 So.2d 517 (1984)
STATE of Florida, Appellant,
v.
Bobby BULLOCK, Appellee.
No. 84-538.
District Court of Appeal of Florida, Third District.
December 11, 1984.
Jim Smith, Atty. Gen. and Charles M. Fahlbusch, Asst. Atty. Gen., for appellant.
Sharpstein & Sharpstein and Richard Sharpstein, Miami, for appellee.
Before HENDRY, HUBBART and DANIEL S. PEARSON, JJ.
PER CURIAM.
The order under review, which suppresses certain physical evidence seized from the defendant, is reversed upon a holding that: (1) the defendant, contrary to the trial court's conclusion, was not under arrest at the time he and the narcotics officer herein went into the lobby area of the Amtrak station, but, at worst, was merely being temporarily detained by the police, see Immigration and Naturalization Service v. Delgado, ___ U.S. ___, 104 S.Ct. 1758, 80 L.Ed.2d 247 (1984); United States v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980); Login v. State, 394 So.2d 183 (Fla. 3d DCA 1981), (2) this temporary detention was constitutionally reasonable under the Fourth Amendment to *518 the United States Constitution as it was based on a reasonable suspicion, to wit: (a) the defendant was traveling under an assumed name, (b) the defendant denied that the luggage in question was his, although he had been previously observed by the police arriving at the station in a taxicab in possession of the luggage, (c) the defendant claimed that someone else present nearby owned the luggage, although no one else was in the lobby area of the station, and (d) the defendant was extremely nervous during his consensual encounter with the police, see Florida v. Rodriguez, ___ U.S. ___, 105 S.Ct. 308, 83 L.Ed.2d 165 (1984), (3) the temporary seizure of the defendant's luggage for a narcotics "dog sniff" was reasonable under the Fourth Amendment to the United States Constitution because it was based on a reasonable suspicion, to wit: the stated factors in subsection 2 above, see State v. Taylor, 446 So.2d 1147 (Fla. 3d DCA 1984); State v. Bankston, 435 So.2d 269 (Fla. 3d DCA 1983), cert. denied, ___ U.S. ___, 104 S.Ct. 1273, 79 L.Ed.2d 678 (1984); Mata v. State, 380 So.2d 1157 (Fla. 3d DCA), pet. for review denied, 389 So.2d 1112 (Fla. 1980), (4) the "dog sniff" of the defendant's luggage took place almost immediately, resulting in a positive alert by the dog on the luggage which gave the police probable cause to arrest the defendant at that point, State v. Toro, 422 So.2d 1084 (Fla. 3d DCA 1982); State v. Foster, 390 So.2d 469 (Fla. 3d DCA 1980), and (5) the defendant thereafter gave a voluntary consent to the police to search his luggage which, contrary to the trial court's conclusion, was untainted by any prior illegal arrest of the defendant, thereby rendering the subsequent warrantless search of the defendant's luggage constitutionally reasonable under the Fourth Amendment to the United States Constitution, see Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).
The order under review is reversed and the cause is remanded to the trial court for further proceedings.