PER CURIAM.
The final judgment of conviction and sentence under review is affirmed based on the following briefly stated legal analysis.
First, the defendant Larry Crosby was temporarily detained — but not arrested, as urged — when police officers physically prevented him from boarding a train at the Amtrak station, detained him for five to six minutes, and conducted a “dog sniff,” by a trained narcotics dog, of a shoulder bag he was carrying. The fact that the defendant Crosby missed his train as a result of the detention cannot convert same into an arrest. Login v. State, 394 So.2d 183 (Fla. 3d DCA 1981); State v. Ramos, 378 So.2d 1294 (Fla. 3d DCA 1979); see also State v. Bullock, 460 So.2d 517 (Fla. 3d DCA 1984).
Second, the police had a reasonable suspicion of criminal activity sufficient to justify the temporary detention, to wit: the defendant was travelling under an assumed name, was extremely nervous and physically shaking prior to being approached by police, and arrived by car at the last minute at the station without saying anything to the person who brought him. State v. Bullock, supra, at 518; State v. Taylor, 446 So.2d 1147, 1148 (Fla. 3d DCA 1984); State v. Bankston, 435 So.2d 269, 270 (Fla. 3d DCA 1983), cert. denied, 465 U.S. 1022, 104 S.Ct. 1273, 79 L.Ed.2d 678 (1984); see also Florida v. Royer, 460 U.S. 491, 502, 103 S.Ct. 1319, 1326-27, 75 L.Ed.2d 229, 239 (1983); State v. Milwood, 430 So.2d 563, 564 (Fla. 3d DCA 1983).
Third, the police had probable cause to believe that narcotics were in the defendant’s shoulder bag after the narcotics dog affirmatively alerted on the bag, and, consequently, the search warrant subsequently issued by the magistrate was based on probable cause as it was issued on an affidavit which set forth the above-stated facts. The cocaine seized from the defendant’s shoulder bag by police pursuant to the search warrant was therefore admissible in evidence. State v. Goodley, 381 So.2d 1180 (Fla. 3d DCA 1980); Mata v. State, 380 So.2d 1157 (Fla. 3d DCA), pet. for review denied, 389 So.2d 1112 (Fla.1980).
Affirmed.