## STATE OF FLORIDA v LAMARCHE
### Case No. 86-36286

Eleventh Judicial Circuit, Criminal Division, Dade County

February 23, 1988

### APPEARANCES OF COUNSEL

Assistant State Attorney **Graham** for plaintiff.

**Harris Sperber,** and **Mayra Trinchet** for defendant.

### OPINION OF THE COURT

FRED MORENO, Circuit Judge.

THIS CAUSE came before the Court on the defendant's motion to suppress. The Court having heard an evidentiary hearing, it is hereby

ORDERED AND ADJUDGED that the motion to suppress be granted.

The Court finds that the defendant was unlawfully confined for one hour on nothing more than a mere suspicion by the airport interdiction officers. The Court does *not* find that the defendant lied as he explained that he did not have any *more* luggage than that which he checked at the counter. Detective John Facchiano's description of the defendant as nervous and fidgety contradicts Officer Angel Hernandez's testimony describing the defendant as walking nonchalantly. In any event, walking nonchalantly at 7:15 A.M. for an 8:00 A.M. flight is not a sufficient articulable reason to stop and detain an individual at an airport. This is particularly so where the defendant's name given matched the ticket and his identification. As in *Monahan v. State,* 390 So.2d 756 (3d DCA 1980), the officers based their actions only upon nervousness and lack of consent to search the small suitcase, which had been taken from the conveyor belt after the defendant had checked it at the counter.

In *Horvitz v. State,* 433 So.2d 545 (4th DCA 1983), the detaining officers also relied on the fact that the suspect appeared nervous, purchased a one-way ticket for cash, had a small bag and an attache case, appeared to notice the police officers and left the terminal and abandoned his plans to depart. The court found those facts not sufficient to justify the initial stop. In the instant case the defendant did *not* leave the airport, but after being questioned by the police officers proceeded "nonchalantly" to his designated gate after stopping in at a store.

The Court is familiar with *U.S. v. Place,* 462 U.S. 696 (1983) which held that the Fourth Amendment does not prohibit law enforcement officers from temporarily detaining personal luggage for exposure to a trained narcotics dog on the basis of reasonable suspicion that such luggage contained narcotics but that a prolonged seizure would be unreasonable. Under the facts of *Place,* a 90 minute detention of the suspect's luggage was deemed unreasonable. In this case, the 60 minute detention of the defendant and his luggage was unreasonable mandating that the evidence be excluded. Although a per se time limit it not appropriate, an examination of whether the police diligently pursued a means of investigation to confirm or dispel their suspicion, is appropriate. *U.S. v. Sharpe,* 105 S.Ct. 1568 (1985); *State v. Nugent,* 504 So.2d 47 (4th DCA 1987). In addition, the Court further finds that the defendant's detention awaiting for the narcotics dogs was the functional and constitutional equivalent of an arrest which was not supported by

36

probable cause under the facts of this case. *See Young v. State,* 394 So.2d 525 (3d DCA 1981). The state did not meet its burden to demonstrate that the 60 minute seizure was sufficiently limited in scope and duration. *See Florida v. Roger,* 460 U.S. 491 (1983).

The State relies on *Zukor v. State,* 488 So.2d 601 (3d DCA 1986). However, in that case the suspect had no identification and his response as to the motel where he was staying was contradicted by a check of the motel records. In the case at bar, the Court, after making the necessary credibility decisions as to the detectives' testimony, finds that the defendant's statement as to not having any bags referred to not having any more bags than the one checked. The defendant here does not argue that the initial encounter was unconstitutional but rather that the second approach amounted to a detention without reasonable articulable suspicion and in fact became an arrest without probable cause due to the number of police officers surrounding the defendant and the lengthy duration of the detention.

Whether or not the defendant would have missed his plane is not the issue and therefore *Crosby v. State,* 492 So.2d 1152 (3d DCA 1986) is inapplicable. In *Crosby* the detention for the narcotics dog was only for five or six minutes and the police had reasonable suspicion due to the traveller's assumed name and arrival at the last minute, facts not present in this case.

WHEREFORE, the Motion is granted and the evidence suppressed.

DONE AND ORDERED this 23rd day of February, 1988 in Miami, Florida.