567 So.2d 26 (1990)
STATE of Florida, Appellant,
v.
John M. SILUK, Appellee.
No. 89-1484.
District Court of Appeal of Florida, Fifth District.
September 20, 1990.
*27 Robert A. Butterworth, Atty. Gen., James W. Rogers, Asst. Atty. Gen., and David Sutton, Certified Legal Intern, Tallahassee, for appellant.
No appearance for appellee.
GRIFFIN, Judge.
The State appeals the trial court's order granting a Motion To Suppress. We reverse.
On January 31, 1987, defendant checked two bags prior to departure from Houston, Texas to Orlando, Florida via Transtar Airlines. During a routine investigation of checked luggage, a dog trained to detect the presence of narcotics "alerted" to the luggage. The Houston police officer who supervised the dog reported the alert to an officer in Houston's Narcotics Division, Roy Slay. Because the Houston police did not know who had checked the luggage, Slay decided to have his men allow the luggage on the flight. He then contacted James Aaron, a member of Orlando's Metropolitan Bureau of Investigation, specifically identifying the luggage and giving detailed information about the qualifications of the narcotics dog.[1]
Officer Aaron made arrangements to meet the Transtar flight in Orlando, and asked Orange County's Canine Unit to respond to the call. When a number of bags from the Transtar flight, including defendant's luggage, were placed before the Orange County dog, the dog failed to alert to the presence of any drugs.
Officer Aaron then proceeded to baggage claim to wait for the luggage. After defendant collected the bags, he was stopped by Aaron and asked for permission to search the bags. When defendant refused permission to search one of the bags, Aaron seized the suitcase and obtained a search warrant for it. The bag was found to contain 1784 grams of marijuana.
After his arrest, defendant filed a Motion to Suppress on the ground that the Orlando police had no probable cause "to stop the Defendant or seize his luggage or to obtain a search warrant of [Defendant's] suitcase." At the suppression hearing, the defendant argued that the probable cause that existed in Houston was vitiated by the *28 failure of the Orlando police dog to alert to defendant's luggage.[2] The defendant also argued that the information provided by Officer Slay was no more than double hearsay from an unknown informant. An order was entered suppressing the contents of the luggage.
It is well established that an "alert" by a properly trained police dog will provide probable cause for a subsequent search. See Crosby v. State, 492 So.2d 1152, 1153 (Fla. 3d DCA 1986); Vetter v. State, 395 So.2d 1199, 1200 (Fla. 3d DCA 1981). We do not accept the argument that the failure of the local narcotics dog to "alert" to the luggage neutralized the probable cause flowing from the alert in Houston, where, as here, it was improbable that anyone had access to the suitcase between the time it left police surveillance in Houston and came under surveillance in Orlando. Moreover, although the officer in Houston was not known to the officer in Orlando, he provided such specific and detailed information that the Orlando officer was reasonable in his conclusion that the source of information about the defendant's luggage was a fellow law enforcement officer whose information was truthful and reliable. See State v. Beney, 523 So.2d 744, 746 (Fla. 5th DCA 1988). See also United States v. Asselin, 775 F.2d 445 (1st Cir.1985).
REVERSED.
W. SHARP and GOSHORN, JJ., concur.
NOTES
[1] The dog, "Ace", was 5 years old, had been working in the field for the previous 4 years, and had been successful in over 100 narcotics seizures. Mr. Slay also stated that "Ace" had a success rating of approximately 93%, had received training at the United States Customs Narcotics Training Center for dogs, and had been recertified annually since his initial training.
[2] The defense acknowledged that "if [the search] had happened in Houston, quite honestly, there's no question they could have searched because they got a reaction from the dogs out there."